MARTIN E. COOK AND GUSTAVUS BURGWALL, APPELLANTS, v. MARIA McCHRISTIAN, RESPONDENTS.

[1] HOMESTEAD—ACT CONSTRUED.—The Homestead Act does apply to and affect property acquired *previous* to its passage.

IDEM—RECORD OF.—In the absence of any statute regulation requiring a record of the selection of the homestead, or indicating any mode in which the intention to dedicate property as a homestead shall be made known, the filing of a notice in the Recorder's office of the county could have no legal effect, and would not be conclusive on purchasers or creditors.

HOMESTEAD—WHAT IS.—The "homestead" is the dwelling-place of the family, where they permantly reside; and, by common law, such residence raises the presumption that the premises so held are the homestead, and every one is bound to take notice of the character of the occupant's claim.

IDEM—DEDICATION A QUESTION OF FACT.—The fact of the dedication of the premises in question as a homestead, was properly submitted to the jury.

* HOMESTEAD—PURCHASER OF.—In an action of ejectment, the purchaser of the homestead from the husband, without the concurrence of the [24] wife, is not entitled to recover the excess of its value over $5,000.

APPEAL from the District Court of the Seventh Judicial District.

The facts of this case, and the questions of law arising thereon, sufficiently appear in the opinion of the Court.

*Casserly & Doyle,* for Appellants.

*Sloan & Rhodes* and *H. A. Spear,* for Respondent.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

---

[1] Cited Homestead Act; *Moss* v. *Warner,* 10 Cal. 297. Approved general policy of Statute, in *Campbell* v. *Adair,* 45 Miss. 181. How constituted, selected and dedicated, in *Holden* v. *Pinney,* 6 Cal. 235; *Beecher* v. *Baldy,* 7 Mich. 504. Distinguished, in *Taylor* v. *Hargous, post* 272. Commented on and followed, occupancy as a test of dedication, in *Reynolds* v. *Pixley,* 6 Cal. 167. Cited in *Beecher* v. *Baldy,* 7 Mich. 510. Approved in *Harper* v. *Forbes,* 15 Cal. 204; *Brennan* v. *Wallace,* 25 Cal. 114. Cited notice imparted by possession, in *Dorsey* v. *McFarland,* 7 Cal. 345; explained in *Stafford* v. *Lick,* Id. 480. Cited, what property exempt under statute, in *Tucker* v. *Kenniston,* 47 N. H. 270; character of the estate, in *Gimny* v. *Doane,* 22 Cal. 638. Value, sale of, in *Poole* v. *Gerrard,* 6 Cal. 73. Mortgage of, by husband, when not binding on wife, in *McQuade* v. *Whaley,* 31 Cal. 530; judgment, when on, in *McDonald* v. *Badger,* 23 Cal. 400. See 28 Ark. 487.

This was an action of ejectment to recover a tract of land lying in Sonoma County.

The facts disclosed by the record are as follows:

Patrick McChristian, one of the defendants, purchased the land in question from one Jasper O'Farrell, on the 7th of October, 1850, and continued to reside upon it with his family up to a short time before the commencement of this suit, when he sold the premises to one Peter Campbell for the sum of five thousand dollars, and suddenly left the State, abandoning his wife and children, then living on the premises. Campbell afterwards sold to the present plaintiffs. The testimony shows, that at the time and before the purchase, they knew of the residence and occupation of the said premises by the wife and family of said McChristian. No appearance was entered for Patrick McChristian. The other defendants appeared, and disclaimed any interest in said property, with the exception of Maria McChristian, the wife, who appeared and defended, on the ground that the said property was the homestead of herself and family, and, as such, that she was lawfully in possession of the same. Upon the final hearing of the cause, the jury found a verdict for the defendant, from which finding and the rulings of the Court upon the issues of law involved, this appeal is prosecuted.

The decision of this Court must turn upon the construction of the Act of April 21st, 1851, entitled "An Act to Exempt the Homestead and other Property from forced sale, in certain cases."

[25]       * Without noticing the various points raised upon the trial, we will pass to the consideration of the positions taken at bar, by the appellant's counsel, on which depend the determination of this case. It is contended— First, that the Act of April 21st was intended to operate upon property acquired subsequent to the passage of said Act; that the Legislature may prescribe the terms on which property shall be acquired, but cannot interfere with the disposition, or annex conditions to the alienation of that previously acquired; and Second, that there is, in the present case, no

sufficient dedication or setting aside of the property in controversy, to raise the presumption of notice, and constitute the same a homestead. Sec. 14th. Art. 9th of the Constitution, after providing what shall be considered as the *separate* property of the husband and wife, provides that laws shall be passed more clearly defining the rights of the wife to her separate property, as well as to that held in common with her husband, and the 15th section provides that "the Legislature shall protect, by law, from forced sale, a certain portion of the homestead and other property of all heads of families."

Here then it will appear, that the Convention which framed our State Constitution has defined, first, what shall be considered as the separate property of the husband and wife. By every rule of construction, every other species of property is common, or may be made so at the option of the Legislature. It will not be doubted that the Convention might have made all property common, and the Act of the Legislature, in defining what shall be considered as common property, and the rights of the respective parties in relation thereto, or in exempting certain property from forced sale, having been passed in obedience to a mandatory clause of the Constitution, cannot be said to have a retroactive operation. It would hardly be said that our statute, exempting a certain amount of household furniture from execution, did not operate upon property acquired before its passage. If then the law can, in one instance, withdraw the property previously acquired, beyond the reach of the creditor, why not in the present case? Again, it may be asked, whether it properly lays in the mouths of the plaintiffs to complain, that the control of the property is with-*drawn  [26] from the husband by the operation of this Act, and that he may be unable, in many cases, from the stubborn and wilful refusal of his wife, to make such a disposition of it as may be necessary for his pecuniary interest, or the maintenance of his family. This is arguing on a false hypothesis, and the assumption of extreme cases. The law proceeds on the supposition that the wife will yield to the husband, and obey his wishes in all that appertains to their

welfare and happiness. Their interest is joint, and it may well be assumed that she will defer to the judgment and authority of her husband. To argue on a different hypothesis would be striking directly at the social relations of society, as well as the institution of marriage itself. This might be a very proper subject of complaint on the part of the husband, but it is difficult to see how the plaintiffs can avail themselves of the argument. After a careful examination, we are unable to discover any argument which would warrant us in determining that the Homestead Act does not apply to or affect, property acquired previous to its passage. The Convention, in framing our Constitution, engrafted this beneficent provision for the protection and maintenance of the wife and children, against the neglect and improvidence of the father and husband. The policy of such a provision is a proper theme for the philanthropist and the legislator, rather than the Courts. All property in the State might have been withdrawn from forced sale under this provision, and the Act of April 21st, 1851, is simply a compliance with the solemn mandate of the Constitution.

To the second position taken, it is sufficient answer, that the statute does not require any record of the selection of the homestead, and points out no mode in which the intention to dedicate property as a homestead shall be made known. In this particular, the statute is lame, and it will be observed, from reading the whole Act, that the Legislature, by accident, has omitted this necessary provision. In the absence of any statute regulation on the subject, the filing of notice in the Recorder's office of the county could have no legal verity, and would not be conclusive on purchasers or creditors. The homestead is the dwelling [27] place of the family, where they per-*manently reside. By the common law, such residence would raise the presumption that the premises so held were the homestead, and every one would be bound to take notice of the character of the occupant's claim, as occupation is *prima facie* evidence of title. There is no dispute in this case that the plaintiffs knew of the defendant's possession. Such possession, taken in connection with other circumstances of

the case, was properly submitted to the jury, from which to find the fact of the dedication of the premises as a homestead. It is insisted, however, by the appellants, admitting the deed in question conveys no title to the homestead, that the plaintiffs are entitled to the excess of the value of the premises over five thousand dollars, the amount exempted by operation of the Act. If the plaintiffs have any rights, they must establish them in a different action. It is certain that he can take nothing by a suit in ejectment.

Judgment affirmed.