## DYE *v.* DYE.

In an action for the division of the common property of husband and wife after a decree of divorce, the plaintiff, to bring herself within the provisions of the Act "defining the rights of husband and wife," passed April 17th, 1850, must affirmatively state such facts as give her the right to the property under the Act.

It is not material where the marriage was solemnized, if the parties afterwards, and after the passage of the Act, resided and acquired the property here.

There is no presumption of law that a marriage took place at any particular point, nor that property, especially money "and other personal property," was acquired in any particular locality.

When a pleader wishes to avail himself of a statutory privilege, or right given by particular facts, he must show the facts; those facts which the statute requires as the foundation of the right must be stated in the complaint.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This bill was filed by complainant for a division of common property, upon the allegation of a dissolution, by a decree of the Twelfth District Court, of the matrimonial union once existing between these parties. The decree was procured at the instance of the defendant. The bill states " that at the time of the rendition of said decree, the said Job F. Dye was in possession and held a large amount of property ; all of which said property was acquired after the marriage and during the coverture with your complainant, to wit : a rancho, situated in the county of Tehama and State aforesaid, containing eleven leagues of land ; one hundred acres of land situated in the county of Sacramento ; a house and lot, situated in the town of Monterey ; two hundred head of horses ; two thousand head of horned cattle ; two thousand head of sheep ; ten thousand dollars in cash, and other personal property ; which said property is common property, as made by the statute of this State." The marriage is alleged to have taken place on the —— day of ——, 1838 ; where, is not stated, nor the then residence of the parties. To this complaint the defendant demurred, upon several grounds. The demurrer was sustained and the plaintiff appealed.

*Thompson, Irving & Pate* for Appellant.

The objection urged by the respondent's counsel is, that there is no averment that the property was acquired subsequent to the Act passed

seventeenth of April, 1850; that this Act only affects property acquired since the passage of the Act.

We deny this to be the true construction of the law. The language of the twelfth section of the statute provides that in case of a dissolution of the marriage, *the common property* shall be equally divided between the parties. It makes no distinction whatever between property acquired *previous* to the Act and the property acquired since.

It applies to all the common property : we are aware that some doubt has been raised as to this construction of the statute. By refference to the fifteenth section, where it is provided " that the rights of husband and wife, married in this State, prior to the passage of this Act, or married out of this State, who shall reside and acquire property herein, shall also be determined by the provisions of this Act, with respect to such property as shall be hereafter acquired, unless so far as such provisions may be in conflict with the stipulations of any marriage contract."

We submit, to construe the language of this section as is contended for by the respondent, would be to bring it directly in conflict with the twelfth section, which provides for a division of " *the common property*," that is, common property acquired *before* as well as *since* the passage of this Act.

It would be doing injustice to the Legislature, to suppose that after having provided for a divorce, for the causes set forth in the statute, it has made no provision as to the disposition of any property held by parties in common at the time of the passage of the Act; that it had provided, with jealous care, for the equal division of the property *to be acquired,* but had made no provision as to the disposition of that held at the time of the passage of the Act.

At the time of the passage of this law, perhaps one-half of the property in the State was held as common property between the husband and wife. Can we suppose that it was not the intention of the Legislature to make some provision in reference to interests so large ? Let us see the consequences of the construction contended for by the respondent.

The Legislature has provided for a divorce for certain cases.

The husband and wife are entitled to certain property in common. She institutes her suit for a divorce, establishes her right to a divorce.

She asks, a division of the common property. She is told that the Act " which grants a right to a divorce, gives the Court no power to decree a division of the common property held by herself and husband before the Act."

Thus, the marital tie having been dissolved, the husband is discharged from his marital obligations to provide for the wife. The common property remains in the same state, that is, under the power of the husband, with an absolute right of disposition. Suppose, on the other hand, that the husband institutes his suit, and obtains the divorce ; the same consequences would ensue. *This is the case presented by the record.*

The husband has been discharged of all his marital obligations, and now claims all the common property. Should the construction contended for by the respondent be sanctioned by the Court, the Act providing for a divorce would, in many cases, act as a confiscation of the rights of the wife, and a bestowal of the same upon the husband, whilst it would often furnish the strongest inducements to the husband to obtain a divorce, and thus appropriate to himself the result of the joint acquisitions of himself and wife.

*Stanley & Hayes*, for Respondent.

*There is no averment in the complaint, or anything to show, that the property was acquired by the defendant subsequent to the passage of the Act of April* 17, 1850.

The plaintiff, irrespective of this statute, can have no possible claim on the property of the defendant. By section 15 of this Act it will be found that " the rights of husband and wife, married in this State prior to the passage of this Act, or married out of this State, who shall reside and acquire property herein, shall also be determined by the provisions of this Act, *with respect to such property as shall be hereafter acquired,* unless so far as such provisions may be in conflict with the stipulations of any marriage contract."

It will thus be seen that the Act operates prospectively ; it only affects property acquired *after* its passage ; as indeed, if it had operated retrospectively, it would be unconstitutional.

We suppose the complaint ought to contain every averment necessary

to show a cause of action in the plaintiff; but the very essence of the cause in this case is wanting ; that is, an averment that the property was acquired *since the statute went into operation;* and also that it was not acquired by any of the modes that would constitute it separate property.    What judgment could the Court render upon the complaint as it stands ?    It certainly could not adjudge that the property therein referred to was common property, for the want of an allegation showing that it came within the provisions of the statute.    It might have been acquired at any time from the year 1838, the time of the marriage, up to the year 1850 ; and yet the plaintiff could have no claim upon it, there having been no community of property until the passage of the Act in question.    The Court, to render judgment for the plaintiff, would have to assume the fact of its being acquired subsequent to April 17, 1850 ; and also to assume that it was not acquired by gift, bequest, devise, or descent ; neither of which assumptions the Court will indulge in.

Every allegation must be direct and positive, and not argumentative, or by way of recital, or inference.    Suppose the action was by a wife, against a person who had levied on her separate property, as the property of her husband, and she, to show that the property was hers, averred that it was acquired by her after marriage ; would that be sufficient ?    Would she not have to aver that she acquired it by gift, bequest, devise, or descent ?

A person claiming a right derived from a statute, must bring himself, by an express averment, within its provisions.

BALDWIN, J., after stating the facts, delivered the opinion of the Court — TERRY, C. J., and FIELD, J., concurring.

It will be perceived that the plaintiff deduces her right from the statute of this State.    This statute was passed April 17th, 1850 ( C. L., p. 814).    Sections 14 and 15 provide that, in every marriage hereafter contracted in this State, the rights of husband and wife shall be governed by the Act ; which Act makes property acquired after April 17th, 1850, in this State, by husband and wife, who had been married in this State theretofore, or who had married out of the State before that time, but who resided and acquired property in the State,

governed by the Act.    To bring herself within the provisions of the
Act, therefore, the facts must be stated which give the right to the
wife by the terms of the statute.    It is not material where the mar-
riage was solemnized, if the parties afterwards, and after the passage
of the Act, resided and acquired the property here ; but this is
nowhere stated.    It may be true, as the plaintiff's counsel in an
ingenious argument has suggested, that the Mexican law was the same
as ours.    But we apprehend, that neither by the Mexican law nor
by our statute, if a marriage takes place in a State retaining the
common law system in respect to the relation of husband and wife,
would personal property, acquired by either spouse in the place of the
matrimonial domicil, and removed or brought into California, be com-
mon property ; nor even if personal property were brought here by
the husband, when he was residing and had married in New York,
would it be common property.    It is, however, obvious that the plaintiff
counts upon a statutory right ; she claims her title through the statute.
The statute was passed in 1850, and refers to and embraces property
acquired after that time.    It gives the right only to property acquired
under particular circumstances.    The plaintiff, counting upon and
claiming through this statute, is not at liberty to seek any other or
different source of title.    Taking the averment most strongly against
the pleader, we must infer that the property was acquired since the
passage of this Act, since we can scarcely conclude that she claims
under a statute which has nothing to do with the property she claims.
What facts, then, does the statute make essential to give her this right ?
The language is plain :  whether married in this State or in any other
State, prior to the passage of the Act, the rights to property acquired
after the passage of the Act are determined by this Statute ; but the
statute does not affect property after acquired in this State, if acquired
by a husband or wife whose marriage occurred elsewhere, unless they
" resided and acquired the property herein."    There is no presump-
tion of law that a marriage took place at any particular point, nor
that property, especially money " and other personal property," was
acquired in any particular locality.    When a pleader wishes to avail
himself of a statutory privilege or right, given by particular facts, he
must show the facts.    The Court pronounces upon the law, or the legal

effect of these facts.   The only question in this connection is whether, in a bill of this sort, it is sufficient to aver, in general terms, that the plaintiff is entitled, under the statute, to certain property, describing it as " common property."

It is said in Mann v. Morewood, (5 Sand. 516) that the facts which the code requires to be stated, as constituting a cause of action, " can only mean real traversable facts, as distinguished from propositions or conclusions of law ; since it is the former, and not the latter, that can alone, with any propriety, be said to constitute the cause of action." So in Adams v. Holley, administratrix, (12 How. Pr. R. 330) it was held that a count was fatally defective which averred the plaintiff to be the owner of certain effects ; the Court saying : " The defendant has the right to be informed how and when the plaintiff became the owner of the rights and interests of the respective proprietors.   The plaintiff only alleges that he is the owner, etc., which is only a legal conclusion.   He should state some issuable fact, by which it would appear that he was the owner."   In Thomas v. Drumaud, (12 How. 321) the same question arose on the same words: " The allegation (of ownership) is only a conclusion of law.   The defendant has a right to be informed by the complaint how the plaintiff became the owner of the demand — whether by purchase, assignment, operation of law, or how otherwise.   Some fact or facts should be stated, by which it would appear how he became such owner."   (See also, Russell v. Clapp, 7 Barb. 482 ; Bently v. Jones, 4 How. Pr. R. 202 ; McMurray v. Thomas, 5 Ib. 14 ; Parker v. Totten, Ib. 233.)

The averment that particular property is common property amounts, in the connection in which it is used, to the same general claim of ownership.   It could only, under the statute or the civil law, be such by virtue of particular facts or relations ; and it is necessary for these to appear, to enable the Court to pronounce whether it be such. According to the argument, it would do for the late wife, in a proceeding of this sort, to omit every averment except the fact of marriage and dissolution, and the averment that there was " common property " now held by the husband.   We think this cannot be maintained.

It is insisted, however, that the demurrer, on the general ground that there are not facts sufficient, etc., contains several specifications,

Dye. *v.* Dye.

and that these do not contain any sufficient grounds of objection, and that this Court will not look to any other.    The first specification is " that there is no averment that the plaintiff is now or was the owner of the real or personal property referred to in the complaint."    If, as we have shown, the mere general averment that this was common property is no averment of any issuable fact, but a conclusion of law, then it would seem the defendant is right in objecting to the complaint that it contains no averment of title.

The second specification is " that there is no averment or anything to show that said property was acquired subsequent to the passage of the Act of April 17th, 1850, referred to in said complaint."

We have already argued to show that the plaintiff, resting upon this statute, must show herself within it.    If, in some respects, the Mexican law was the same as the statute, it was not, we believe, in all respects, (see Panaud *v.* Jones, 1 Cal.) nor was it, in respect to all property acquired by the parties during the coverture within the Mexican dominions.    If, as suggested, the rule as to real estate when the matrimonial domicil is elsewhere, would be the same under the statute and under the Mexican law preceding it—the *lex rei sitæ* governing the marital right—it is not the case in respect to personal property. But as the plaintiff has chosen to rest her case upon the statute, those facts which the statute requires as the foundation of the right must be stated in the complaint.

The other grounds of demurrer, we are inclined to think, are not well taken.

But we express no opinion in regard to those which would conclude, as if hereafter we should be called upon to pass upon the question, and it becomes necessary to decide them.

The judgment is affirmed.