## GIMMY v. DOANE et al.

WHERE some of several defendants make default and others answer, the defaulting defendants may appeal from the final decree at any time within one year after its rendition.

The statute which prescribes what shall be common property as between husband and wife, and how it shall be divided in case of a divorce, is a mere regulation of a right of property and does not provide a new right of action. A complaint for relief under this statute need not therefore comply with the rules governing the forms of pleadings in statutory actions.

The failure of a complaint, in an action for a division of common property, to state with sufficient particularity the facts showing the character of the property is a defect of form which must be objected to by demurrer.

A homestead may be established upon the common property of the husband and wife, and such homestead may, in case of a divorce, be partitioned or set apart to one of the parties as common property.

APPEAL from the Twelfth Judicial District.

The default of John G. Gimmy, one of the defendants, was duly entered by the Clerk, on the thirteenth day of May, 1861. Maria B. Gimmy, another of defendants, answered; and after a trial of the issues raised by her, a final decree against all the defendants was entered, November 15th, 1862. Notice of appeal from this decree was filed on behalf of both above-named defendants, November 18th, 1862.

The complaint averred that certain real estate (describing it by

Gimmy v. Doane.

metes and bounds) was the common property of the plaintiff and her husband, John G. Gimmy, but did not aver any facts showing how the property came to be common property. The other facts are sufficiently stated in the opinion.

*John G. Gimmy*, Appellant, *in pro. per.*

I. In a suit for the division of the common property the complaint should state facts, and sufficient facts to show that within the statute " defining the rights of husband and wife," passed April 17th, 1850, there is common property, and should state in what the common property consists, its nature, its situation, and its value, and in what manner it has been acquired. (*Kashaw* v. *Kashaw*, 3 Cal. 322.)

In an action on a statute, the complaint must state all the facts which are requisite to bring the case within the statute, and must positively allege not only the acts but the qualifications, if any are prescribed by the statute. (*Brown* v. *Harmon*, 21 Barb. 508.)

There is no averment in the complaint, or any statement of facts, or anything to show that the property was acquired by the parties subsequent to the passage of the Act of April 17th, 1850. The complaint should not only comprehend an averment to that effect, but also averments showing that the property was not acquired in such a manner that the said statute would impress it with the character of separate property—averments showing that it was not acquired by gift, bequest, devise, or descent, or before marriage. This defect is fatal. (*Dye* v. *Dye*, 11 Cal. 163.)

II. The homestead is not common property, and therefore is not the subject of division, or conveyance, in a suit for the division of the common property, or for a mere divorce. The Court has expressly decided that the homestead is not common property. (*In the matter of Buchanan's Estate*, 1 Cal. 509; *People* v. *Gerard*, 6 Id. 73; *Revalk and Wife* v. *Kraemer*, 8 Id. 73; *Taylor* v. *Hargous*, 4 Id. 273; see Homestead Acts.)

*Porter & Sawyer*, for Respondent.

CROCKER, J. delivered the opinion of the Court—NORTON, J. concurring.

This is an action brought by the plaintiff, the wife of John G. Gimmy, one of the defendants, during the pendency of a suit for divorce brought by her against her husband, to restrain the sale and transfer of the common property, to set aside fraudulent judgments confessed by the husband, and a fraudulent conveyance of property by him to his mother, Maria B. Gimmy, one of the defendants, and for a division of the common property between the husband and wife upon the determination of the divorce suit. A default was entered against all the defendants, except Maria B. Gimmy, who filed an answer. Issues of fact were made, and tried by a jury, who found them all for the plaintiff. The Court, after the rendition of the decree granting the divorce in the divorce suit, rendered a final decree for the plaintiff, dividing the common property, in accordance with the decree in the divorce suit, and ordering the proper deeds to be executed by the parties, and enjoining them from conveying, incumbering, or interfering with the property conveyed and set apart to the plaintiff, and from this decree John G. and Maria B. Gimmy alone appeal.

It is objected that, as the notice appeal was not filed until the lapse of more than one year from the date of default entered against John G. Gimmy, the appeal as to him is too late, and should be dismissed. The statute, however, clearly gives the parties a right to appeal at any time within one year from the rendition of the final judgment in the case. Any interlocutory judgment which may have been rendered does not form the basis for an appeal, and if it did, it would not bar the right of the defendant to appeal from the final judgment which determines the suit between the parties. (*Gray* v. *Palmer*, 9 Cal. 616 ; *Johnson* v. *Dopkins*, 6 Id. 83.)

The appellants also contend that the complaint merely avers that certain property is common property, and does not state sufficiently the particular facts, showing that it is entitled to that character, and that, therefore, it contains no cause of action, referring to the case of *Dye* v. *Dye* (11 Cal. 163). The averment is, that " during the cohabitation of said parties he was possessed of certain real estate, their common property," etc. The rule is well settled that where a statute gives a *right of action*, where none existed before, the complaint in such case should show " that the offense or act charged

to have been committed or omitted by the defendant is within the provisions of the statute, and all the circumstances necessary to support the action must be alleged." (1 Chitty's Pl. 372.) This rule applies more particularly to actions of a penal character. But we do not understand that it has been extended to statutes which apply merely to *rights of property*, regulating the rights of persons in and to property, and which do not relate to *remedies* for injuries, or upon contracts. The statute which prescribes what shall be *common property* as between husband and wife, and how that common property shall be disposed of in case of a divorce between them, is a mere regulation of a right of property, and cannot properly be said to provide a new right of action. It does not, therefore, properly come within the rule invoked by the appellants, and the correctness of the decision in *Dye* v. *Dye*, so far as it relies upon this rule, may well be doubted. But it is not necessary to examine this question further, as the objection to the averment in the present case is more formal than substantial, and should have been taken by demurrer, as was done in the case of *Dye* v. *Dye*, and then the plaintiff could have amended. It is too late to raise the question here for the first time.

It is also objected that the homestead of the parties is not common property, and therefore not the subject of division after the parties are divorced. The homestead may be established upon the common property of the husband and wife, or the separate estate of the husband. (*Taylor* v. *Hargous*, 4 Cal. 273; *Revalk* v. *Kraemer*, 8 Id. 71; *Lies* v. *De Diablar*, 12 Id. 330; *Gee* v. *Moore*, 14 Id. 474.) When a homestead is once impressed upon the common property, the character of the estate is to a certain extent changed, and it is no longer subject to some of the incidents of common property. It can no longer be sold, conveyed, or incumbered by the husband alone, as it could before, and this was clearly the meaning of this Court when it said, *In the matter of Buchanan's Estate* (8 Cal. 509), "the homestead is not common property, but a sort of joint tenancy, with the right of survivorship." (*Cook* v. *McChristian*, 4 Cal. 27; *Taylor* v. *Hargous*, 4 Id. 273; *Pool* v. *Gerrard*, 6 Id. 73; *Estate of Tompkins*, 12 Id. 125.) There is no valid objection to a division of the homestead, which may have

become attached to the common property, in case of a divorce, the same as other common property.

The complaint sufficiently alleges the fraudulent character of the judgments confessed by the husband, and of the conveyance by him to his mother, and of the intention of the parties to defraud the plaintiff thereby, to sustain the injunction and the final decree relating thereto.

We see no good reason for disturbing the judgment, and it is therefore affirmed.

The decision in this case was rendered at the same time with that in the preceding case of *Gimmy* v. *Gimmy*, and a petition for rehearing, applicable to both cases, was filed by appellant, upon which the following decision was rendered by CROCKER, J.—NORTON, J. concurring :

The appellant, in his petition for a rehearing in the above cases, relies with much confidence upon the alleged insufficiency of the averments in the complaints respecting the property which was the subject matter of the litigation. It is true that these averments are quite too general in their terms, there being a want of precision and certainty, and if demurrers had been filed to them on the ground that they were ambiguous and uncertain they would undoubtedly have been sustained. But the appellant having failed to demur, he is deemed to have waived the same. (Practice Act, Sec. 45.) They do not properly come within the latter clause of said section, because sufficient facts are stated, although they lack the requisite precision and certainty in the manner of their statement.

Rehearing denied.