ELIAS, Appellant, v. VERDUGO et al., Respondents.

No. 967; December 17, 1866.

Appeal.—When There is Little Conflict in Evidence, the supreme court is disposed to reverse the trial court if the findings seem to be upon insufficient evidence.

APPEAL from First Judicial District, Los Angeles County.

Jas. H. Lander for appellant; V. E. Howard for respondents.

See Elias v. Verdugo, 27 Cal. 418.

SHAFTER, J.—This is an action to foreclose a mortgage executed by the defendant, Julio Verdugo on the 6th of December, 1860, to secure his promissory note to the plaintiff

of that date.   The property covered by the mortgage is known as the "Rancho San Rafael," situate in the county of Los Angeles, and came to Verdugo and his sister Catalina by descent, on the death of their father in 1832.   It was claimed by the plaintiff at the trial that Julio and Catalina continued to own the property as tenants in common at the date of the mortgage, and therefore that the lien imposed by it was upon one-half of the estate undivided.   It was claimed by the defendants, however, that there was a parol partition of the rancho in 1832, whereby the south half was set off to Julio Verdugo and the north half to Catalina, and that the occupation of the respective portions had ever since conformed to the division so made.   A homestead right in the southern half was also set up by the defendants in opposition to the mortgage. The case was tried by the court and the findings on both points were in favor of the defendants.

It may be admitted for the purposes of argument, and it could not be admitted without hesitation for any other, that the findings, in so far as the agreement to divide is concerned, are free from objection; still we are satisfied on careful examination of the record that the testimony was wholly insufficient to justify the finding that the land was occupied thereafter in conformity to the agreement: Long v. Dollarhide, 24 Cal. 218.   There is very little conflict in the evidence on this point, and we consider the demonstration that the occupation was joint and not several from 1832 to 1861, when there was a formal partition by deed so far complete as to justify a reversal under the decisions applicable to the question.

But should the agreement to divide and a several occupation in pursuance of it both be admitted, still there was no evidence tending to prove a homestead right in the defendants in the southern half under the act of 1851.   In so far as the testimony related "to the dwelling place of the family—where they permanently resided" (Cook v. Christian, 4 Cal. 26; Taylor v. Hargous, 4 Cal. 272, 60 Am. Dec. 606), at the date of the mortgage, it pointed unmistakably to the old ranch house on the north half of the estate.

Judgment reversed and new trial ordered.

We concur: Sanderson, J.; Sawyer, J.; Currey, C. J.; Rhodes, J.