GEORGE P. HOWE, Respondent, *v.* JULIA A. HOWE,
                    Appellant.

Disposition of Common Property on Divorce. In an action for divorce for
    extreme cruelty, where nothing is said in the pleading about the disposition of
    the common property, it is error to award it all to one of the parties.

Reversal of Divorce Decree in Part. Where the decree of divorce for ex-
    treme cruelty, in an action in which there was no averment in the pleadings
    as to the common property, awarded it all to the plaintiff: *Held,* that in so far
    as it purported to make disposition of or direction concerning such property,
    it should be reversed, and the cause remanded for amendment of the pleadings
    and for further proceedings.

Appeal from the District Court of the Fourth Judicial District,
Lyon County.

This was an action for divorce from the bonds of matrimony, on
the grounds of willful desertion and extreme cruelty, and praying
for the custody and control of the three infant children of the mar-
riage and for general relief. The Court below, before whom the
cause was tried without a jury, found as matters of fact that de-
fendant had been guilty of willful desertion of and of extreme cru-
elty to the plaintiff; that the defendant was not a proper person to
have the control or management of the children, and that the prop-
erty owned by plaintiff was acquired by his own efforts, and not by
the joint efforts of himself and wife. The decree, besides granting
a divorce from the bonds of matrimony, awarded the care, charge,
custody, and control of the children to the plaintiff, and gave him
" for his sole use and benefit all of the property, both separate and
common, heretofore and now belonging to the plaintiff and defend-
ant, and that defendant be debarred from all right of homestead in
and to any estate belonging to said plaintiff."

*Henry K. Mitchell,* for Appellant.

                    I.

The Court erred in divesting defendant of *all* right, title, and
interest in and to the common property. The Constitution (Art.
IV, Sec. 31) vests in the wife an absolute constitutional right in
all and any property she held in common with her husband, at the

time of the adoption of the Constitution, (September, 1864) and which might be subsequently acquired. The parties were married in Sacramento, California, on February 14, 1856, and all the property was acquired after that time. What property did the wife *hold in common* with her husband ?

Under the statute concerning husband and wife, (Statutes of 1864–5, 239) all the property acquired by either husband or wife after marriage, except such as may be acquired by gift, bequest, devise, or descent, shall be *common property*, yet the husband holds the title, has the entire management and control of the common property, and the absolute disposition of the same, as of his own estate. All common property therefore is " held in common " by the wife with the husband, and her rights in all property so acquired extend back to the adoption of the Constitution, for the reason that she acquired under the Constitution a right, and the Legislature merely determined the extent of that right. If then the Constitution vested in the wife a right in property, it is beyond the jurisdiction of the Court to take it away under any legislative enactment.

But if the wife has not a constitutional, but only a mere statutory right in property acquired after the marriage, the judgment must still be reversed. The law (Statutes of 1864–5, 239) makes the extent of the wife's right in common property (one-half) dependent upon two conditions, namely, that she would not be guilty of adultery or extreme cruelty ; and if she is guilty of adultery or extreme cruelty her right is to be determined by the Court, in the exercise of a sound discretion, from the facts of the case.

The Court has only power to take away *a portion of the common property*, (in the excepted statutory cases) *not all*. In the case at bar it exceeded its jurisdiction, and its decree should be reversed.

## II.

The Court erred in divesting the wife of all interest in the homestead property.

The Constitution provides that " a homestead shall be exempt from forced sale under any process of law," and grants to the Legislature only the right to determine the extent and character of that right. It also specially prohibits *any alienation* whatsoever of

that homestead right, except by the " joint consent of husband and wife." If the homestead right cannot be divested under the Constitution in any other manner than by the joint consent of husband and wife, the judgment of the Court below in that respect is clearly erroneous.

*Williams and Bixler,* for Respondent.

Independent of statutory regulations the husband would be the absolute owner of all property acquired after marriage by the personal exertions of either party, and as we have no statute affecting the subject in this State, so far as the parties now before the Court are concerned, it follows that the property embraced in the decree belongs to and was subject only to the control of plaintiff, even without the decree.

The parties were married in California some twelve years ago. The provisions of the Act concerning husband and wife do not apply to this case, so far as the marriage goes, because the parties were married before its passage, and in California. Neither do they apply on the ground that the property mentioned in the decree was acquired in this State after the passage of the Act, because, if necessary to sustain the decree, this Court will presume that it appeared to the District Court that the property was not acquired in this State, or if acquired therein, it was before the passage of the Act.

But at any rate the Court had the power to make the decree entered. (*Miller* v. *Miller,* 33 Cal. 336.) The statute concerning divorce authorizes it, this being a divorce on the ground of extreme cruelty; and that the decree also embraced the homestead, if there was any, does not affect the question. It is presumed to have been carved out of the separate property of plaintiff, or the common property.

If the homestead right was claimed by the wife in the separate property of the husband, that right must have ceased upon dissolution of the marriage contract, otherwise he would have been divested of a vested right, and one guaranteed by our Constitution. If out of common property, then of right it belonged to the husband, unless the provisions of the Act concerning husband and wife applied,

in which event it became subject to the decree of the Court. ( *Gimmy* v. *Gimmy*, 22 Cal. 633 ; *Gimmy* v. *Doane*, 22 Cal. 635.)

But the decree does not in terms award any homestead to the husband, nor does it appear that there was in existence any homestead to be affected by it ; but it merely *bars* appellant from claiming any homestead right in any of his property. Perhaps an unnecessary precaution in framing the decree, yet not one that can possibly vitiate the judgment.

By the Court, WHITMAN, J.

This appeal is from a decree made in the Fourth District Court, in an action for divorce. Although the appeal is from the entire decree, the only objections presented are to such portion as touches property. It is claimed that the Court erred in awarding the whole common property to respondent, and in barring appellant of all homestead claim.

In a proper case the Court would have such power. ( *Miller* v. *Miller*, 33 Cal. 353 ; *Gimmy* v. *Gimmy*, 22 Cal. 633 ; *Gimmy* v. *Doane*, 22 Cal. 635.) Here no such issue was presented. The pleadings say nothing upon the question of property ; the appellant might have well believed from the complaint that no such question was made. In *Gimmy* v. *Gimmy*, and *Gimmy* v. *Doane*, before cited, which partially overrule *Dye* v. *Dye*, (11 Cal. 163) it is said upon petition for rehearing : " It is true that these averments are quite too general in their terms, there being a want of precision and certainty, and if demurrers had been filed to them, on the ground that they were ambiguous and uncertain, they would undoubtedly have been sustained. But the appellant having failed to demur, he is deemed to have waived the same, (Practice Act, Sec. 45). They do not properly come within the latter clause of said section, because sufficient facts are stated, although they lack the requisite precision and certainty in the manner of their statement."

This very liberal rule fails to reach this case where there is no averment. The decree, so far as it purports to make disposition of or direction concerning property, is reversed, and the cause remanded, with leave to both parties to amend their pleadings.

JOHNSON, J., did not participate in the foregoing decision.