# SUPREME COURT

OF THE

## STATE OF NEVADA.

## JANUARY TERM, 1885.

[No. 1191.]

## THE COUNTY OF WHITE PINE, APPELLANT, *v.* H. S. HERRICK ET AL., RESPONDENTS.

PLEADINGS — COUNTY TREASURER'S BOND — CONDITIONS PRECEDENT. — In an action brought by a county against the sureties on an official bond of the county treasurer, to recover an amount of money for which the treasurer was in default, it is not necessary, in order to entitle the county to recover, that the complaint should specifically aver a performance of the several acts required to be performed by the county commissioners; but an averment that the county commissioners complied with all the requirements and conditions of said bond, and the requirements of all acts of the legislature pertaining to the official bonds of the county officers, is sufficient. (Civil Pr. Act, sec. 60.)

Appeal from the District Court of the Sixth Judicial District, White Pine County.

The facts are stated in the opinion.

*Lansing & Mitchell*, for Appellant:

I. The complaint contains "a statement of the facts constituting the cause of action in ordinary and concise language," and is in all respects sufficient.  (1 Comp. L. 39; 2 Comp. L. 2917, 2921, 2980; *Mendocino Co.* v. *Morris*, 32 Cal. 145.)

II. The specifications or particular reasons named in the first ground of demurrer are not conditions precedent; neither would they constitute matters of defense.  (*Tuolumne Redemption Co.* v. *Sedgwick*, 15 Cal. 515; *Smith* v. *Morse*, 2 Cal. 548, 564; *Blanchard* v. *Russell*, 13 Mass. 16;[1] *King* v. *Dedham Bk.*, 15 Mass. 447;[2] Smith's Com., sec. 759; *Thorne* v. *San Francisco*, 4 Cal. 127.)

*Baker & Wines*, for Respondents:

I. The amended complaint does not state facts sufficient to constitute a cause of action against respondents.  The complaint should have alleged every fact which, if denied, appellant would be required to establish.  (*Jerome* v. *Stebbins*, 14 Cal. 457; *Green* v. *Palmer*, 15 Cal. 413;[3] *Maynard* v. *F. F. Ins. Co.*, 34 Cal. 48.[4])

II. The act of the legislature of the state of Nevada entitled "An act for the relief of sureties on official bonds," approved February 28, 1881, is strictly within the authority of the law-making power of the state, and is constitutional.  It simply imposed an additional duty upon boards of county commissioners.  It operated *in presenti*, and imposed as a penalty for the failure to perform such additional duty that no action could be maintained upon the official bonds mentioned in the act.  The act did not take away or abrogate the right to maintain a suit upon the bond.  (*Walter* v. *Bacon*, 8 Mass. 468; Cooley Con. Lim. 87, 172, 173, 174, 286, 287, 288, 289; *Wolfkiel* v. *Mason*, 16 Abb. Pr. 221; *Stocking* v. *Hunt*, 3 Denio, 274; *Pierce* v. *Mills*, 21 Ind. 27; *Whitney* v. *Blanchard*, 2 Gray, 208; *Maryland* v. *B. & O. R. R.*, 3 How. 534; Sedg. on Con. L. 618, 625, 633, 634, 658; *King* v. *Nichols*, 16 Ohio St. 80;

[1]  7 Am. Dec. 106.   [2]  8 Am. Dec. 112.   [3]  76 Am. Dec. 492.   [4]  91 Am. Dec. 672.

*Dawson* v. *State*, 38 Ohio St. 1; *State* v. *Hendrickson*, 15 Md. 205.)

By the Court, BELKNAP, C. J.:

This action was brought against the sureties upon the official bond of George P. McConkey, as county treasurer of White Pine County, to recover a sum of money for which he was in default.    Defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and under this head assigned the failure of the plaintiff to set forth a performance of the duties enjoined upon the county commissioners by the act of the legislature approved February 20, 1881, entitled "An act for the relief of sureties on official bonds." (Stat. 1881, 91.)    This act requires the boards of county commissioners to keep each official bond given by an officer of their county, with at least two good and sufficient sureties for its whole penal sum; to require a monthly report of receipts and disbursements from each financial officer of their county; to view the public moneys in the custody of the county treasurer at least once in each year; and to make complete annual settlements with such officer in the month of September of each year.    If the county commissioners fail in the performance of any of these duties, the law releases and discharges the sureties upon the official bond of the officer from liability, in so far as the county in which he held office is concerned.    It is argued that these provisions of the law are conditions precedent, and that the complaint must show that they have been performed.   The complaint does not specifically aver a performance of the several acts required to be performed by the county commissioners, but alleges "that the county commissioners of said county of White Pine complied with all the requirements and conditions imposed upon said commissioners by the terms of said bond, and the requirements of all acts of the legislature of the state of Nevada pertaining to the duty of county commissioners, relating to county officers and to the official bonds of county officers "; and then proceeds to state certain matters for the purpose of excusing the annual September settlement, not questioned upon this appeal.

Section 60 of the civil practice act furnishes an easy mode for

pleading the performance of conditions precedent in a contract. It provides: "In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed. all the conditions on his part."

The pleader has not employed the precise language of section 60, but he has used language equivalent to it, and a substantial compliance with the section is all that is necessary. Respondent contends that this case is not within the provisions of the practice act, and that appellant should have alleged in detail a performance of the various duties required of the county commissioners by the act of 1881, and refers to decisions as supporting this view. In the cases to which we have been referred (*People* v. *Jackson,* 24 Cal. 630; *Himmelman* v. *Danos,* 35 Cal. 441; and *Dye* v. *Dye,* 11 Cal. 163), the right of action depended upon a statute, and it was essential to the statement of a cause of action that the facts bringing the case within the statute should be averred. But the present action is brought upon a contract between the defendants and the state. The contract has been changed by the state through its legislature consenting that, in so far as counties are concerned, no recovery shall be had upon undertakings of the nature of the one sued upon, unless certain acts be performed by the county through its county commissioners. These new conditions are ingrafted upon the undertaking, and if they are conditions precedent they are well pleaded.

It is not necessary upon this appeal to determine whether the provisions of the law of 1881 are conditions precedent, or whether the statute is applicable to undertakings made before its passage. These questions were made by demurrer to the original complaint; but the plaintiff, instead of adhering to his pleading, amended it so as to obviate them, and leave them out of the case. We are of opinion that the amended complaint states a good cause of action. Judgment reversed, and cause remanded.