[Civ. No. 5862. First Appellate District, Division Two.—April 2, 1929.]

M. E. GEARY, Plaintiff, v. CHRIS STAFFORD et al., Respondents; G. C. RINGOLE, Appellant.

Samuel D. Hamburg for Appellant.

Rudolph J. Scholz for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover the possession of an automobile. The defendant appeared and answered and filed a cross-complaint. In the cross-complaint he set up his claim for making repairs on the automobile and claimed a lien for repairs made. He named as cross-defendants M. E. Geary, G. B. Skinner, Max Arnold and. Richard Roe. The cross-complaint was answered by all of the defendants as so named by G. C. Ringole as their attorney. A trial was had in the lower court before the court sitting without a jury and the court made findings in favor of the cross-complainant on his cross-complaint. From a judgment entered thereon G. C. Ringole has appealed under section 953a of the Code of Civil Procedure.

(1) The defendant contends that the judgment is null and void because rendered against one not a party to the action. That point assumes that G. C. Ringole was not a party. If he was not a party he was not entitled to take this appeal. (Code Civ. Proc., sec. 938; 2 Cal. Jur. 208.) As recited in respondents' brief, the record discloses affirmatively that on October 1, 1923, three years before the action was tried, G. C. Ringole was substituted for Richard Roe. Numerous papers (including a notice of trial), showing him to be a party, were served on him and no objection was made and no suggestion was made that he was not a party to the action. But on February 8, 1926, during the trial, the contention was made that G. C. Ringole was not a party. The reply was made that he had been sued as Richard Roe; that as such person he had appeared, and that in the place of such person that he had been duly substituted. These facts he did not deny nor did he show to the trial court that when he filed an answer appearing for Richard Roe that he appeared for some person other than himself and give the name of that person to the trial court. He owed the duty to the trial court to disclose the

real name of his client, whether it was himself or some other person. Being an attorney at law it must be assumed that when he prepared an answer appearing for Richard Roe that he was in truth and in fact appearing for some party substantially connected with the controversy. In his brief he quotes extensively from the facts to show that he was not personally interested, but there is evidence in the record showing that the defendants were engaged in a joint venture and that this defendant was the financial backer thereof. The findings recited that he was one of the defendants and that he was substituted in the place of Richard Roe. On the record as made and as presented to this court, we think the appellant is not in a position to present the point.

(2) The cross-defendant claims that no judgment should have been rendered against him on the evidence. The record does not disclose that the judgment was so rendered on the evidence. The answer to the cross-complaint expressly admitted that Stafford performed for the cross-defendants the services for which he sued, in the cross-complaint, to be reimbursed. The issue made was solely as to the amount. In this same connection the cross-defendant claims that in an action in replevin it was improper to file a cross-complaint pleading a common count for services rendered. We will not pause to discuss the contention. No point of that kind was presented to the trial court, nor ruled on in the trial court.

(3) The defendant complains because the trial court did not make a finding on who was the owner and entitled to the possession of the automobile. There was no contention presented by any one of the parties litigant that this cross-defendant was at any time the owner of, or entitled to the possession of, the automobile. For these same reasons this cross-defendant is not in a position to assert that Stafford was not entitled to a lien, nor to assert that if he was entitled to a lien that he had waived the lien.

We find no error in the record and the judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 2, 1929, and a petition by

appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal was denied by the Supreme Court on May 29, 1929.