[Civ. No. 932. Fourth Appellate District.—August 22, 1932.]

ALTA BLANCHE BROWN, Plaintiff and Respondent, v. GEORGE B. BROWN, Defendant and Respondent; A. F. BROWN et al., Appellants.

430

A. F. Brown and J. Edgar Ross, *in pro. per.,* for Appellants.

Ray D. Johnson for Respondents.

JENNINGS, J.—This action was instituted by plaintiff for the purpose of securing a decree canceling a certain deed executed by her husband, George B. Brown to his son, A. F. Brown. It is alleged in the complaint that plaintiff and her husband, who was joined as a defendant in the action, have been the owners in fee simple of the real property covered by the deed at all times since January 27, 1926, the date of their marriage; that said real estate was at all times since the date of marriage the community property of plaintiff and her husband; that the husband alone executed the deed whose cancellation is sought and that the said deed was recorded in the office of the county recorder of Imperial County, the county wherein the real estate is situated. To the complaint thus drawn defendant A. F. Brown, grantee named in the deed, interposed a demurrer, both general and special. This demurrer was overruled and, the demurrant having failed to answer, judgment was entered decreeing the deed executed by the husband to be void and that the property sought to be conveyed thereby is community property of plaintiff and her husband. From the judgment thus rendered defendant A. F. Brown and J. Edgar Ross, to whom A. F. Brown had conveyed the property subsequent to the institution of this action by plaintiff, have prosecuted this appeal. The appeal is presented on the judgment-roll alone.

Appellant A. F. Brown complains that the court erred in overruling the demurrer interposed by him to respondent's complaint. Inasmuch as no answer was filed by this appellant and consequently no trial on the merits

resulted, this court has no guide other than the complaint itself by which to determine whether it is so radically defective that it fails to support the judgment or is so uncertain, ambiguous and unintelligible as to render its meaning incapable of ascertainment. (*Hawley Bros.* v. *Brownstone,* 123 Cal. 643, 647 [56 Pac. 468].) As heretofore noted, the complaint alleges (1) that plaintiff and her husband, at all times since a certain date, have been wife and husband, (2) that, at all times since the date of marriage, they have been the owners in fee simple of the real property to which the deed was executed, (3) "that said property has been at all times since the said 27th day of January, 1926, the community property of said plaintiff and the defendant George B. Brown". It is contended that the last-mentioned allegation is vulnerable to the attack made upon it by appellant's demurrer. This demurrer launched a special attack upon the complaint for uncertainty in failing to set out facts from which it can be ascertained whether or not the property possesses the character of community property and whether record title to the property was held by the husband alone or by husband and wife. The principal objection to the allegation that the described property is community property is that the allegation is the statement of a purely legal conclusion and not a statement of ultimate fact. Authority is not wanting to sustain the contention thus advanced. In *Dye* v. *Dye,* 11 Cal. 163, it was held that a demurrer was properly sustained to a complaint by a wife against her husband for a division of common property which contained the bare allegation that the property described in the complaint was common property. The court expressed the opinion that the allegation amounted to no more than the statement of a legal conclusion. In arriving at its decision the court cited certain decisions of the courts of the state of New York wherein it was held that the bare allegation of ownership of property without the statement of any facts conveying information as to the manner by which the pleader became the owner amounted to the statement of a conclusion of law and was therefore fatally defective. The correctness of the decision in *Dye* v. *Dye, supra,* was questioned in *Gimmy* v. *Doane,* 22 Cal. 635, 638, where, in an action brought by a wife to set aside an alleged fraudulent conveyance of prop-

erty by the husband to his mother, the complaint merely stated that the property was common property without stating the particular facts showing that it was entitled to such character. In affirming a judgment in the wife's favor the court said that "where a statute gives a *right of action,* where none existed before, the complaint in such case should show 'that the offense or act charged to have been committed or omitted by the defendant is within the provisions of the statute, and all the circumstances necessary to support the action must be alleged' ", but that the rule requiring averment of all circumstances entitling the complainant to the benefit of a statute does not apply to statutes regulating the rights of persons to property and not relating to remedies, and that the statute prescribing what shall be *common property* is a mere regulation of a right of property, and cannot properly be said to provide a new right of action. It must, however, be observed that in *Gimmy* v. *Doane, supra,* the court took occasion to remark that the objection to the averment respecting the character of the property should have been taken by demurrer as was done in *Dye* v. *Dye, supra,* which would have enabled the plaintiff to amend and that not having been so taken it came too late on appeal from a judgment rendered upon a trial of the case on the merits. Section 164 of the Civil Code provides that all real property in California acquired by either spouse or by both after marriage other than real estate acquired by either spouse by gift, devise or descent is community property. This statute is purely declaratory of property rights and does not attempt to provide a right of action. The reasoning of the court in *Gimmy* v. *Doane, supra,* is therefore well in point upon the objection of appellant A. F. Brown that the court erred in overruling his demurrer. ▮ Furthermore, we are of the opinion that in an equitable action brought by a wife for the purpose of protecting her expectancy in community property the question of the character of the property which she seeks to have restored to the community is one of ultimate fact depending for its solution upon the existence of purely probative facts respecting the time and manner of its acquisition. In *Payne & Dewey* v. *Treadwell,* 16 Cal. 220, 242, in an action of ejectment, an allegation in the complaint that plaintiffs are the owners in fee as tenants in common, and have the lawful right and

are entitled to possession of the premises was upheld over an objection raised by demurrer that such allegation was one not of fact but of a legal conclusion. The court pointed out that seisin in the plaintiff of some estate in the premises is a necessary issuable fact that must be proved to entitle plaintiff to the relief sought. The fact of seisin is said to be the ultimate fact which must be shown to warrant recovery. This ultimate fact is to be established by proof of conveyances from a paramount source of title or by evidence of prior possession, but proof of such conveyances or of prior possession merely establishes facts contributing to the final necessary fact that the plaintiff is the owner of some estate in the premises. The rule thus established has received consistent approval by the Supreme Court of California in a long line of decisions, among which may be noted the following: *Gartlan* v. *C. A. Hooper & Co.*, 177 Cal. 414, 423 [170 Pac. 1115]; *Robinson* v. *City of Glendale*, 182 Cal. 211, 213 [187 Pac. 741]; *Cuneo* v. *Lawson*, 203 Cal. 190, 193 [263 Pac. 530]. It is further to be observed that the complaint in the present action contains no allegations of facts from which it is alleged that it follows that the property is community property. There is no attempt made to deraign title in respondent. The allegations are simply that respondent and her husband have owned the property at all times since the date of marriage and that it is community property. We conclude that the allegation respecting the community character of the property was not subject to attack by general demurrer.

■ We are likewise of the opinion that the above-described allegations were not subject to attack by appellant's special demurrer. Particular objection is made that the complaint is uncertain in that it cannot be discovered whether record title to the property was in the husband or in husband and wife. Strictly speaking, the objection thus made goes to the failure to allege facts rather than to uncertainty. The failure of the complaint to disclose in whom the record title to the property stood is not a defect fatal to plaintiff's cause of action, since she is entitled to the aid of equity to protect her inchoate expectancy in community real property irrespective of whether the record title was in her husband alone or in both her husband and herself. Section 172a of the Civil Code, which declares that a wife

must join with her husband in executing a deed to community real property, establishes the foundation for an action by a wife to protect her expectancy in such property. This section contains two important limitations upon the right of a wife to equitable relief where the husband alone has executed an instrument affecting the title to community real property. Both of these limitations depend upon the holding of record title to community real property by the husband alone. The first of these limitations is contained in the proviso which declares that the sole lease, contract, mortgage or deed of the husband, holding the record title to community real property, to a lessee, purchaser or encumbrancer, in good faith without knowledge of the marriage relation shall be presumed to be valid. The failure of the complaint herein to disclose by whom the record title to community real property was held could not affect the rights of appellant, A. F. Brown, since, in order that he should come within the protecting aegis of the proviso, it would have to appear that he was a purchaser or encumbrancer in good faith without knowledge of the marriage relation. The presumption of validity declared by the proviso under consideration is a rule of evidence qualifying the wife's right to equitable relief and places upon one who claims the benefit of it the burden of establishing the facts required to be shown in order that the presumption shall be effective as to him. The second limitation is one that affects the institution of an action to avoid any instrument executed by the husband alone affecting the title to community real property standing of record in the name of the husband alone. It provides that no such action shall be commenced after the expiration of one year from the filing for record of such instrument in the office of the county recorder in the county in which the land is situate. In order that this limitation shall be effective, therefore, it must appear that the record title to the community real property stands in the name of the husband alone. This limitation is in effect a statute of limitation and in accordance with a well-established rule of pleading may be raised by demurrer where the complaint shows upon its face that the action is barred. But the failure of a complaint to allege facts that would enable a defendant to raise the bar of the statute by demurrer rather than by answer is not a valid ground of

demurrer. That the complaint herein shows on its face that the cause of action is barred by section 172a of the Civil Code was made a ground for the demurrer interposed by appellant A. F. Brown, but the objection thus raised was not well taken for the reason that the complaint did not show on its face that the title to the real property involved in this action stood in the name of the husband alone.

It was also made a ground of demurrer that a paragraph of the complaint which alleged that the husband George B. Brown had made and recorded a homestead declaration to the property is uncertain for various reasons specified. If the allegation respecting the making and recording of the homestead declaration by the husband could be regarded as an allegation material to respondent's cause of action, more careful consideration of this ground of demurrer would be warranted. However, since it clearly appears that the complaint was one by a wife for the equitable relief afforded by section 172a of the Civil Code, the allegation respecting the making and recording of a homestead declaration is superfluous and immaterial. The wife's cause of action was complete, irrespective of whether the husband had or had not properly executed and recorded in the proper county a declaration of homestead covering the property involved in this action. If, therefore, it be assumed that the objection to the allegation mentioned was valid nevertheless, so far as this particular objection is concerned, no reversible error was committed by the trial court in declining to sustain it.

It is further contended as a ground for reversal of the judgment that the court permitted the answer filed by appellant's co-defendant, George B. Brown, to be withdrawn. In its findings of fact the trial court found "that defendant George B. Brown has withdrawn his answer on file herein and has petitioned this court to grant the prayer of plaintiff's complaint". In the brief of appellant it is suggested that the trial court permitted the defendant George B. Brown to withdraw his verified answer and to substitute therefor another pleading denying the truth of all the allegations contained in his answer. The record herein does not contain any such pleading as counsel for appellant maintains was permitted to be filed as a substitute for the answer. In addition to the above-quoted language of the

findings the following statement appears in the record under the title "Judgment": "And said defendant George B. Brown having heretofore filed in the record of this cause a withdrawal of his answer and in open court petitioned that the prayer of plaintiff's complaint be granted." It is pointed out by appellant A. F. Brown that the answer originally filed by his co-defendant George B. Brown contained an allegation that said defendant, in return for valuable consideration, had transferred whatever interest he had in the land to appellant more than a year prior to the filing of the action. The record appears to bear out the statement, since it is alleged in the answer originally filed by defendant George B. Brown that on the date alleged in respondent's complaint he executed and delivered, for a valuable consideration to appellant A. F. Brown a quitclaim deed to the property which conveyed no interest other than the separate interest of defendant George B. Brown. It is said that, by its action in permitting the answer to be withdrawn without notice to appellant, the trial court lent its aid to the perpetration of a fraud upon appellant A. F. Brown, since it is contended that it is a fair assumption that this appellant relied upon the allegations contained in the answer of his co-defendant when he elected to stand on his demurrer and test the sufficiency of the complaint on appeal rather than to file an answer and submit the case to trial on its merits. The important element in this line of reasoning rests in the fact that the trial court permitted the answer of appellant's co-defendant to be withdrawn without notice to appellant A. F. Brown. The record shows that appellant's demurrer was overruled on December 20, 1929, and that appellant was allowed ten days within which to answer the complaint. The judgment recites that the matter came on for hearing on February 21, 1930, and the court specifically found that the default of appellant A. F. Brown had been duly and regularly entered for failure to answer the complaint. At the time the trial court permitted the answer of defendant George B. Brown to be withdrawn, appellant A. F. Brown was in default for failure to answer and he was not entitled to have notice of the court's action in passing upon the application of his co-defendant for permission to withdraw his answer. Appellant was at liberty to stand upon his demurrer to the complaint and to

test its sufficiency by appeal as he has done. He might have answered the complaint and presented his defense to the action on the merits. Even after his default to answer had been entered and judgment rendered against him, he was not foreclosed from moving the court for relief. He has done neither of these things and is therefore in no position to complain of the court's action in permitting his co-defendant's answer to be withdrawn. It is apparent that no fraud was committed upon him and therefore his objection that the court lent its aid in the perpetration of a fraud upon him is untenable.

In this appeal, as heretofore noted, J. Edgar Ross has joined. Since he was not made a party to the action and did not at any time make an appearance of any character in the suit, some explanation is necessary in order to present any justification for his attempted appeal from the judgment. In its findings the trial court found that notice of the pendency of the action was recorded in the official records of the recorder of Imperial County on December 6, 1929, and that the attempted conveyance of the property involved in this action by appellant A. F. Brown to J. Edgar Ross by a deed which was recorded in the office of the county recorder of Imperial County on December 23, 1929, was made after recordation of the *lis pendens*. It is then adjudged that the deed from appellant A. F. Brown to J. Edgar Ross is null and void. It is to be observed that the court did not find on what date the deed from A. F. Brown to J. Edgar Ross was executed, but the court did find that it was made subsequent to the date on which the *lis pendens* in the action was recorded. The court's judgment decreeing the deed from appellant A. F. Brown to J. Edgar Ross to be void affords the justification for the latter's joinder in this appeal, since it is urged that it clearly appears from the record that he is a party aggrieved by the judgment and therefore entitled to complain of it although prior to the rendition of the judgment he had not appeared in the case. At first blush this position appears to possess merit. The judgment which was rendered without notice to appellant Ross purports to divest him of whatever right or interest he had acquired in the property without affording to him an opportunity to present any defense thereto. However, since the court made a specific finding that notice of the pendency

of this action was filed on a certain date and that the conveyance to appellant Ross was made subsequent to the recordation of the *lis pendens,* Ross took the deed from his grantor with constructive notice of the pendency of an action brought for the purpose of nullifying the title of his grantor (sec. 409, Code Civ. Proc.). Having such notice, appellant Ross might properly, prior to the rendition of judgment, have sought permission of the court wherein the action was pending, to be allowed to intervene therein. In the event of a refusal by the court to grant such application this appellant would have been entitled to prosecute an appeal from the order denying him the right to intervene (*Stern & Goodman Inv. Co.* v. *Danziger,* 206 Cal. 456 [274 Pac. 748]). In default of such action he might have made himself a party to the record by moving the trial court to set aside the judgment which he now complains injuriously affects his rights in the property involved and in the event of a denial of his motion, might, on appeal from this court's order denying his motion, have had the judgment reviewed not only for excess of jurisdiction, but for error (*Elliott* v. *Superior Court,* 144 Cal. 501, 509 [103 Am. St. Rep. 102, 77 Pac. 1109]). However, it appears that in no fashion did appellant Ross seek to make himself a party to the record. Furthermore, it is to be remembered that whatever interest appellant Ross has in the property involved herein was acquired from appellant A. F. Brown, an original defendant in this action, and that A. F. Brown suffered judgment to be taken by default against him, thereby admitting that he had no valid claim upon or interest in the property if the complaint was not obnoxious to the demurrer which he had interposed. (*Hibernia etc. Society* v. *Churchill,* 128 Cal. 633 [79 Am. St. Rep. 73, 61 Pac. 278]; *Martin* v. *Lawrence,* 156 Cal. 191, 193 [103 Pac. 913]; *Stern & Goodman Inv. Co.* v. *Danziger, supra.*) We are therefore impelled to the conclusion that appellant J. Edgar Ross, not having in any manner endeavored to make himself a party to the record herein, no errors of which he complains are reviewable on this appeal. (*Geary* v. *Stafford,* 98 Cal. App. 84 [275 Pac. 865]; *Smith* v. *Mingramm,* 104 Cal. App. 95 [285 Pac. 354].) As he was not a party to this action and has not made himself a party to the record, he is not thereby foreclosed from seeking the aid of equity in vacating a judgment

affecting his rights in the property, assuming that as to him the judgment is void by reason of lack of jurisdiction. (*Postal etc. Co.* v. *Superior Court,* 22 Cal. App. 770, 779 [136 Pac. 538].)

For the reasons stated the judgment is affirmed.

Marks, Acting P. J., and Harden, J., *pro tem.,* concurred.