## LOUIS E. MILLER v. THERESA MILLER.

<div style="float:right">

| 33 | 353 |
|----|-----|
| 86 | 564 |

</div>

DIVORCE.—A judgment awarding a divorce, without stating whether from the bonds of matrimony or from bed and board, is a divorce from the bonds of matrimony.

USE OF TERM WITH TWO MEANINGS.—When a word has two meanings in law, differing in degree merely, it will be understood in its larger sense wherever it occurs in legal proceedings, unless it appears to have been used in its narrower sense.

DEFAULT.—If the entry of a default is essential to the validity of a judgment by default, it will be presumed that one was taken, unless the contrary appears.

AWARD OF PROPERTY—DIVORCE.—If a divorce is granted because of adultery, the Court may award all the common property to the prevailing party.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The plaintiff applied for a divorce on the ground of the adultery of the wife. The Court awarded him a divorce, and the defendant appealed from the judgment.

The other facts are stated in the opinion of the Court.

*Tweed & Craig*, and *Hale & Fellows*, for Appellant.

At common law and under the statute divorces are of two kinds : first, from bed and board ; second, from the bonds of matrimony. Under the statute, a divorce in either form may be granted for the same causes. (See Divorce, 1 Hittell, Secs. 2–4.) The first kind—or divorce from bed and board—leaves the marriage relation between the parties in existence and in full force, except as to certain incidents, such as cohabitation and obligations for sustenance, etc.

45

(See statute; 2 Bishop on Marriage and Divorce, Sec. 225.) In some qualified sense, the same practical result might be effected without judicial interposition, by agreement between the parties. (*Wells* v. *Stone*, 9 Cal. 479.) The second kind—divorce from the bonds of matrimony—only, effects a dissolution of the bonds of matrimony. (See statute above cited; 2 Bish. on Marr. and Div., Sec. 225.)

A judgment of divorce, therefore, may or may not dissolve or affect the marriage relation between the parties, according as it is "from the bonds of matrimony," or "from bed and board;" and for the same causes the judgment in either form may be granted. Conceding, then, for the purposes of this point, that the District Court might properly have rendered judgment in either form as a matter of discretion, the fact that "a decree of divorce" only was granted, leads inevitably to the conclusion *that the judgment is void,* because it did not declare—what was essential to its effectiveness for any purpose or for a particular purpose—namely, whether "from bed and board," or "from the bonds of matrimony."

The Court erred in awarding, by the judgment, the entire community property of the parties to the respondent; because, as a matter of jurisdictional power, the Court could only, in case of adultery or extreme cruelty, *apportion* the property between the parties. The Court could make the portions to each equal—as is *required* in all other cases except adultery and extreme cruelty—or unequal, in its discretion; which discretion is made subject to review or appeal. But to bestow *all* the property on one party is not to apportion it between them.

*Jo Hamilton,* for Respondent.

It is contended by appellant that this decree is informal and insufficient in this, that it does not appear that the divorce is from the bonds of matrimony, or only from bed and board. The decree is not so complete and formal as I

would wish it. Still I think it is for all purposes of the case a divorce *a vinculo matrimonii*, and if it be satisfactory to the one seeking it, it ought to be sufficient to the one opposing it. The judgment and decree is, "that the plaintiff be divorced from the defendant Theresa Miller." It is not a decree, then, divorcing plaintiff from defendant's bed, or releasing him only from marital duty. It is a divorce for all purposes from the bonds of matrimony. A divorce merely from bed and board is not a divorce of the plaintiff from defendant. It is a mere release or cessation from duty on one part, and claim for marital duty on the other.

By the Court, SHAFTER, J.:

This appeal is taken from a decree of divorce, made on the ground of adultery on the part of the wife. The decree does not state whether the divorce is from bed and board, or from the bonds of matrimony; and it is insisted that it is not only erroneous but void for that reason. Where a term has two meanings differing in the degree merely, it is to be understood in the larger sense wherever it occurs unless it appears to have been used in the narrower sense, by some form of direct expression, or from the context, the nature of the subject matter, or the *res gestæ*. The term "divorced," as it occurs in the decree, imports a dissolution, in the largest sense, of the marriage relation between the parties. The term is not answered by a divorce in part, or to a limited intent only, but calls for a complete severance of the tie by which the parties were united.

The objection that the judgment is invalid for the reason that it does not appear that the defendant was not defaulted, is not well taken. If the taking of a default was essential to the orderly conduct of the proceedings, we must presume that one was taken, inasmuch as the contrary does not appear.

The objection that the Court erred in awarding all the

common property to the husband instead of apportioning it between the parties, is unsound. The twelfth section of the Act defining the rights of husband and wife (Acts, April 17th, 1850,) provides that " when such decree of divorce is rendered on the ground of adultery, or extreme cruelty, the party found guilty thereof shall only be entitled to such portion of the common property as the Court granting the decree may in its discretion, from the facts of the case, deem just and allow." By the very letter of the provision, the Court could, in the exercise of its discretion, have reduced the woman's portion to an infinitesimal; and the difference between that and nothing is so slight as to fall under the rule of *de minimis*. But it appears from the findings that the common property was of small value; the care of the offspring of the marriage was awarded to the husband by the decree, and he is furthermore adjudged to pay the costs of the suit.

Judgment affirmed.

Mr. Chief Justice CURREY did not express an opinion.