[S. F. No. 2503. Department Two.—March 6, 1903.]

## HENRY N. MORSE, Appellant, v. VERNON WILSON, Respondent.

ACTION TO DETERMINE ADVERSE CLAIMS—SERVICES—JUDGMENT UPON CROSS-COMPLAINT—GENERAL VERDICT—ORDER DENYING NEW TRIAL —REVIEW UPON APPEAL.—In an action to determine an adverse claim for services, where a judgment was rendered for such services in favor of the defendant upon a cross-complaint, and upon the general verdict of a jury, and no objection was made to the form of the action, or to the pleadings, or to the admission of evidence, or to any ruling of the court, and no request was made for special findings, the sufficiency of the pleadings and verdict to support the judgment cannot be reviewed upon appeal from an order denying a new trial, and the order cannot be disturbed, if made upon conflicting evidence.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion.

R. M. F. Soto, and Noble Hamilton, for Appellant.

Henley & Costello, and Edward A. Holman, for Respondent.

HAYNES, C.—Plaintiff appeals from an order denying his motion for a new trial. His action was brought under section 1050 of the Code of Civil Procedure, for the purpose of determining an adverse claim, which the defendant made against him for services as a mining superintendent, amounting to $1,374, and the further sum of $1,702.25 for boarding men employed by plaintiff at his mine in the state of Nevada, alleging that defendant's claim is unfounded, and praying judgment that it be so declared.

The answer denied the allegations of the complaint, and the defendant also filed a cross-complaint, alleging that plaintiff was indebted to him in said sum above stated, and prayed judgment therefor. Plaintiff answered the cross-complaint, denying its allegations, and therewith filed a counterclaim for the sum of $3,651.97. The cause was tried by a jury, which returned a verdict for the defendant for the sum of $3,059.05, and judgment thereon was entered.

The first three points made in appellant's brief are devoted to the question whether the so-called cross-complaint of the defendant can be regarded as a counterclaim, contending that it is not equitable in its character, and in their fourth point they elaborate the proposition that plaintiff's action is equitable in its character, and "in its nature *quia timet.*" No objections were made to the form of the action or to the pleadings, either by demurrer, or motion, or objection to evidence. Such questions, if made, could be considered only upon appeal from the judgment.

The case was, however, tried by a jury, and appellant contends that the action being equitable in its character, a jury trial was not demandable as of right, and therefore its general verdict was merely advisory; and it is further contended that as it does not cover the material issues, it is insufficient.

These questions cannot be made on a motion for a new trial, and can only be made on appeal from the judgment. (Code Civ. Proc., sec. 656; *Riverside Water Co.* v. *Gage,* 108 Cal. 240; *Brison* v. *Brison,* 90 Cal. 323.) The sufficiency of the

verdict to support the judgment, whether treated as a verdict or as a finding, cannot be considered on this appeal; and as no exceptions were taken to any ruling of the court during the trial, the sole question presented is whether the evidence justifies the verdict, and to this question appellant devotes less than a page of his opening brief, and does not allude to it in his reply brief.

As to defendant's claim for boarding the men employed at the mine, he testified explicitly that the charge should be one dollar per day, or thirty dollars per month; that the charge for boarding was deducted from the wages, and that plaintiff still owed him for the balance charged for boarding the men and for his wages, the amount of which was found by the jury upon conflicting evidence, and this finding we are not at liberty to disturb. It is clear, however, from the evidence, that appellant was chargeable with the wages of the miners and respondent's salary, and out of the wages of the miners respondent was entitled to retain the charge for boarding, so that a separate boarding account was unnecessary.

The only other question of fact noticed in appellant's brief relates to his contention that respondent should be charged for rent of the house in which respondent lived and boarded the men. There was no evidence of an agreement that he should pay rent, while there was evidence tending to show that the custom was, that the superintendent should be found with a residence rent free. It was a "mud and willow" house of four rooms, and cost three hundred or four hundred dollars, for which appellant now contends for a rental of eight hundred dollars. That that sum was not allowed by the jury is quite clear, but as the verdict was for a lump sum it does not appear that no allowance was made on that account, nor does it appear that any request was made for special findings.

The order appealed from should be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

McFarland, J., Lorigan, J., Angellotti, J.