[Civ. No. 835.   First Appellate District.—October 5, 1910.]

## PHILIP ASTON, Appellant, v. HONORA ASTON. Respondent.

DIVORCE—DECREE FOR WIFE ON CROSS-COMPLAINT—DEMURRER—APPEAL FROM ORDER DENYING NEW TRIAL—REVIEW.—In an action for divorce by the husband, where the wife obtained a decree by cross-complaint, a demurrer to which was overruled, upon the husband's appeal solely from an order denying his motion for a new trial, the action of the court in overruling his demurrer to the cross-complaint cannot be reviewed.

ID.—DIVORCE ALLOWED FOR DESERTION AND ADULTERY—AWARD OF ALL COMMUNITY PROPERTY TO WIFE—DISCRETION.—Where the divorce was granted to the wife both for desertion and adultery by the husband, the court, by reason of its having been granted for adultery, had the power, in its discretion, to award all the community property to the wife, as the innocent party.

ID.—AWARD OF COMMUNITY PROPERTY NOT REVIEWABLE.—The award by the judgment of the community property to the wife, because of the husband's adultery, cannot be reviewed upon an appeal taken by the husband solely from the order denying his motion for a new trial.

ID.—FINDING OF ADULTERY SUSTAINED—HUSBAND LIVING WITH ANOTHER WOMAN AS HIS WIFE.—Evidence that the husband, after deserting his wife, formed an adulterous connection with another woman, who, with his knowledge and consent, called him her husband, and used his name as such, the husband likewise referring to and designating her as his wife, was sufficient to support the findings as to the husband's adultery with such woman.

ID.—ADULTERY PROVABLE BY CIRCUMSTANTIAL EVIDENCE.—Adultery may be proved by circumstantial evidence, and that is the usual way in which it is proved.

ID.—DOCUMENTARY EVIDENCE—HOLDING OUT RELATION AS THAT OF HUSBAND AND WIFE.—Documentary evidence, the purpose and tendency of which was to show that the woman with whom the husband was living did with his knowledge hold herself out therein as his wife, and that he also held her out therein as such and himself as her husband, was admissible against the husband in the divorce suit on the issue of adultery.

APPEAL from an order of the Superior Court of San Benito County denying a new trial.   M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

Z. N. Goldsby, for Appellant.

Cassin & Lucas, for Respondent.

HALL, J.—Plaintiff brought this action to obtain a decree of divorce from his wife, Honora Aston. Defendant, however, obtained a decree of divorce from plaintiff upon the grounds of desertion and adultery, pleaded in her amended and supplemental cross-complaint. By the decree defendant was awarded all the community property.

Plaintiff moved for a new trial, and from the order denying his motion he appealed to this court. There is no appeal from the judgment.

Appellant urges that the court erred in overruling his demurrer to the amended and supplemental cross-complaint. But the action of the court in overruling a demurrer is not open to review upon an appeal from an order denying a motion for a new trial. (*Moore* v. *Douglas*, 132 Cal. 400, [64 Pac. 905]; *Morse* v. *Wilson*, 138 Cal. 559, [71 Pac. 801].)

Appellant also urges that the court erred in awarding all the community property to respondent. This is also an attack upon the judgment that may only be raised by an appeal from the judgment. But the divorce in this case was granted both for desertion and adultery committed by appellant. By reason of the divorce being granted for adultery, the court had the power in its discretion to give all the community property to the innocent party. (*Miller* v. *Miller*, 33 Cal. 353.)

Appellant contends that the finding that appellant committed adultery with a woman named Perez, at a house numbered 709 Fifth street, in the city of Oakland, is not sustained by the evidence.

Appellant left the home of plaintiff and defendant at Santa Cruz in 1891. The evidence tends to show that in 1905 appellant was living with a woman at 709 Fifth street in the city of Oakland. That this woman, with appellant's knowledge and apparent consent, referred to him as her husband, used his name, and he likewise referred to her as his wife and designated her as Mrs. R. A. Aston.

This is particularly evidenced by a writing, signed by this woman, as follows: "My husband Philip H. Aston having con-

sented to the sale of my real estate in Alvarado, Alameda Co., Cal., As per contract with E. D. Wilbur, dated at Oakland, Cal., October 16th, 1905, I hereby confirm the same this 21st day of October, 1905.'' (Signed) ''Mrs. R. A. Aston.'' And in connection therewith a writing signed by appellant as follows: ''I hereby consent to the above and agree to any disposition that my wife (Mrs. R. A. Aston) cares to make of her separate property.'' (Signed) ''P. H. Aston.''

The children of this woman addressed the appellant as ''Papa.'' The evidence tends to show that this woman's real name was Perez. Upon the day of the above transaction appellant and the Perez woman were found apparently living in the same house, and clearly represented themselves as husband and wife.

Adultery may be established by circumstantial evidence (*Evans* v. *Evans*, 41 Cal. 103), and that is the usual way in which it is proven. The evidence supports the inference that appellant and the woman (Perez, alias Mrs. R. A. Aston) were living together in adultery, and the finding as to the adultery of the appellant is supported by the evidence.

Appellant also contends that the court erred in admitting in evidence the writing referred to in the above document as the ''contract with E. D. Wilbur, dated at Oakland, Cal., October 16th, 1905,'' and some correspondence between ''Mrs. R. A. Aston'' and Wilbur occurring intermediate October 16, 1905, and October 21, 1905. None of these writings was signed in the presence of appellant, and they were objected to when offered. Upon objection being made to the offer of the first of these writings, dated October 16, 1905, and signed ''Mrs. R. A. Aston,'' the court asked the attorney for defendant if he proposed ''to follow this up with other proof that will connect it,'' to which he replied that he did, and thereupon the court overruled the objection. While the same question and answer were not put and made when the other writings were offered, we think it is apparent that the court and counsel understood that they were offered and received under the same conditions. Finally, defendant did put in evidence the instrument dated October 21, 1905, signed by both appellant and ''Mrs. R. A. Aston,'' and referring to the first writing objected to and received in evidence. It is perfectly clear from the record that this last writing was the evi-

dence that defendant relied on as connecting the others with appellant. There was a certain connection shown. The last document, which was clearly admissible against appellant, referred to the first, and all the preceding writings were in connection with and leading up to the final transaction of October 21st. The purpose of all the evidence in question was to show that the woman, with appellant's knowledge, held herself out as the wife of appellant, and that he held her out as such wife, and held himself out as her husband. The last document clearly shows this. If appellant did not think the connection sufficiently shown by the last document, we think fairness to the trial court and opposing counsel required that he should have moved to strike out the evidence admitted over his objection.

We find no error requiring a reversal of the order denying the motion for a new trial, and the order is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.