# CASES

## ARGUED AND DETERMINED

### IN THE

# Supreme Court of South Dakota

NATIONAL CASH REGISTER COMPANY, Appellant, v. MAHANEY, Respondent.

(205 N. W. 710.)

(File No. 5349. Opinion filed October 28, 1925.)

1. **Witnesses—Trial—Sustaining of Objections to Questions on Cross-examination as to Matter Which Could be Proved by Direct Evidence Held Not an Abuse of Discretion.**

    In seller's action for balance of price due on cash register, which defense of misrepresentation by agent that money drawer contained five compartments, trial court did not abuse discretion in sustaining objections to questions on cross-examination of defendant relating to identity of drawer in ana exhibit with money drawer contained in cash register shipped to defendant, where plaintiff was not prevented from introducing other evidence concerning arrangement of money drawer in register shipped to defendant.

2. **Appeal and Error—Trial—Any Error in Sustaining Objections to Questions Relating to Identity of Drawer in Exhibit with Money Drawer in Cash Register Shipped to Defendanat Held Not Prejudicial.**

    In seller's action for balance of price due on cash register, with defense of misrepresentation, in that money drawer contained four and not five compartments, any error in sustaining objections to questions relating to identity of a drawer in an exhibit with money drawer contained in cash register shipped to defendant held not prejudicial, since it went only to manner and order of introducing proof, and it did not appear that any offer of proof was made in connection therewith.

3. **Appeal and Error—Trial—Error Not Predicable on Exclusion of Evidence, Where No Offer of Proof Made.**

    Error cannot be predicated on exclusion of evidence, where no offer of proof is made.

4. **Evidence—Fraud—Contracts—Misrepresentations Inducing Contract Admissible.**

In seller's action on notes representing balance of price due on cash register, evidence of misrepresentations of agent which induced the contract was admissible, though contract contained provision that this contract covers all agreements.

5. **Sales—Fraud—Representations of Seller's Salesman, if False, Will Constitute Fraud, if Made Without Knowledge of Their Falsity, or Without Informing Himself as to the Facts.**

In seller's action for balanace of price due on cash register, with defense of misrepresentation, in that money drawer contained four and not five compartments, representations of seller's salesman that cash register would have same number of compartments in money drawer as one which defendant was then using will constitute actual fraud, if false, in view of Rev. Code 1919, Sec. 816, irrespective of whether he knew them to be false, or made them without informing himself as to the facts.

6. **Sales—Rescission—Fraud of Seller's Salesman Held to Give Purchaser Right to Rescind Contract for Sale of Cash Register.**

Purchaser held entitled to rescind contract for sale of cash register for fraud of seller's salesman in representing that money drawer would have same number of compartments as one which purchaser was then using.

Appeal from Circuit Court, Brown County; Hon. W. F. Eddy, Judge.

Action by the National Cash Register Company against Pearl Mahaney, with counterclaim by defendant. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Affirmed.

*W. F. Corrigan,* of Aberdeen, for Appellant.

*Campbell & Fletcher,* of Aberdeen, for Respondent.

(2) To point two of the opinion, Appellant cited: Kelly v. Spokane, 38 Wash. 55, 145 Pac. 57; Smity v. Eichelberger, 175 Ill. A. 231.

(4) To point four, Appellant cited: 35 Cyc. 379; Shepherd v. Gilroy, 46 Iowa 193; Diebold v. Huston (Kan.), 39 Pac. 1035; Richardson v. Great Western M. Co. (Kan.), 43 Pac. 809; McGray v. Woods (Mich.), 58 N. W. 320.

MORIARTY, C. This is an action brought by the appellant, National Cash Register Company, to recover judgment upon an

installment note signed by the respondent, Pearl Mahaney, and payable to the appellant. The facts, as disclosed by the record, are as follows:

Prior to the month of February, 1920, the respondent and her husband, William Mahaney, had been engaged in the restaurant business in the city of Aberdeen. Early in said month they began to conduct their business on the cafeteria plan. On February 5, 1920, the respondent signed a written order authorizing the appellant to furnish and ship, freight prepaid, to the respondent, one of appellant's cash registers, "No. 1748, oak finish, denomination of keys standard, for use on front counter cafeteria business," for which respondent agreed to pay $525—$30 cash at time of making contract, and the remaining $495 in deferred monthly payments according to the terms of the note sued upon. The writing provided: "This contract covers all agreements between the parties and shall not be countermanded." The writing contained no description of the cash register to be furnished, except the number, finish, and arrangement of keys, as above stated.

Respondent paid the $30 and later received from appellant a cash register, which respondent and her husband uncrated, but did not use. Later the machine was crated up and shipped back to appellant, accompanied by a letter in which respondent stated that Mr. Adler (appellant's agent, who secured the order) would explain the trouble; that appellant might consider the order canceled, and need not ship another register. To this letter appellant replied by a letter stating:

"We were sorry to learn that you were unable to use the register owing to the fact that there was no compartment to take care of your pennies."

This letter also contained the further statement:

"We regret that you returned the register without first notifying us, but you will understand that we cannot accept it in cancellation of your contract. It will be held by us at your risk, and subject alone to your order to return it to you."

Since that correspondence the register has remained in appellant's possession, and respondent has made no payments, except the first $30. Respondent and her husband both testified that, at the time of signing the order, they stated that, in order to be fit for their use in the cafeteria business, the register must have five

compartments at the front to accommodate half dollars, quarters, dimes, nickels, and pennies; that they called the agent's attention to the fact that the register which they were using at that time had five compartments in the front row, and that the new one must be similarly arranged to meet the requirements of their business. And they say that the agent assured them that the register which would be furnished them on their order would be so arranged, that the till in the machine described in the order would be exactly the same as that in the old machine, but the new one would have the adding machine and individual order slip attachment. And they testified that respondent signed the contract and notes relying upon these representations, and that the order and notes would not have been signed, if they had not believed such representations and relied on them. And they say that the register sent to them by appellant had only four coin compartments in the first row of its till; that this fact rendered it unsuitable for their cafeteria business. And they say that as soon as they discovered this fact they reported it to appellant's local agent, and he said he would not have anything to do with it, and one Kincaid, who had been doing repair work for appellant, and who was with the local agent when the contract was signed, and participated in securing respondent's signature, told respondent and her husband to ship the machine back. And they say that thereupon they promptly shipped the machine to appellant. And respondent contends that because of these facts she has a legal right to rescind the contract and recover the $30 paid by her thereon.

Appellant presented no evidence to dispute respondent's evidence as to the representations made in securing the signature to the order and note. Nor does it show that it made any explanation as to the arrangements of the till, or any offer to supply a register such as respondent claimed she was told she was ordering. It was stipulated that, if Kincaid were present in court, he would testify that the register delivered to the respondent by the appellant was a No. 1748 oak finish, denomination of keys standard, and it was the regular register of that kind put out by the company. But the stipulation does not cover any denial as to the representations alleged to have been made.

The case was tried to a jury, but at the close of the evidence each party moved for the direction of a verdict. The trial court

denied appellant's motion and granted that of respondent. In accordance with the direction of the court the jury returned a verdict in favor of respondent for the return of the $30 paid by her. Upon this verdict a judgment was entered in favor of respondent and against the appellant for $34.20 and costs. The appellant's motion for a new trial was denied, and from the judgment and the order denying a new trial this appeal is taken.

Appellant's brief presents numerous assignments of error, but all of them may be classified so as to bring all of appellant's contentions under three distinct heads:

First. Alleged errors of the trial court in sustaining objections to questions relating to the identity of a drawer, Exhibit F, with the money drawer contained in the cash register shipped to respondent by appellant. These questions were propounded to respondent during her cross-examination, and are well exemplified by the question:

"I will ask you to examine the cash drawer of the machine now produced in court, and ask you whether or not the arrangement of that cash drawer is not identical with the machine that was shipped to you, * * * and will further ask you if the location of the drawer on this machine is not the same?"

Second. That the court erred in admitting evidence as to conversations between respondent and the agent or agents who secured her signature to the contract and notes; the contention being that, as the contract was in writing and contained the provision, "This contract covers all the agreements between the parties and shall not be countermanded," no evidence as to oral agreements or representations was admissible.

Third. Stated in the language of appellant's brief:

"That it no where appears from the evidence that the salesman of the plaintiff had any knowledge of the number of compartments in the cash register of the defendant. It does not appear that he examined it to ascertain, and it being a cash register of the same make they would be justified in believing that the new one would have the same kind of a cash drawer. No doubt the statements in that regard, if in fact any such statements were made, were in good faith and in the honest belief of the salesman, Adler, that he was speaking the truth, without any intent to mislead. Such being the case, there could be no fraud, and the

statements, even though erroneous and relied upon by defendant, could not be taken advantage of."

[1, 2]    As to the first contention: Appellant was not limited to the cross-examination of respondent as a means of introducing evidence concerning the arrangement of the money drawer in the register shipped to respondent. If that machine actually had five compartments in the front row, instead of only four, as testified to by the respondent, direct evidence of that fact could have been introduced, instead of asking respondent upon her cross-examination to pass upon the general question of the idtntity of the exhibit with the drawer in the machine shipped to respondent. The discretion of the trial court in sustaining the objection to this evidence as a part of the cross-examination should not be interfered with by this court. If there was any error in these rulings, it was not prejudicial, as it went only to the manner and order of introducing the proof. Van Camp v. Weber, 27 S. D. 276, 140 N. W. 591. It does not appear that any offer of proof was made in connection with this question.

[3]    Error cannot be predicated upon exclusion of evidence, where no offer of proof was made. Madson v. Rutten, 16 N. D. 281, 113 N. W. 872, 13 L. R. A. (N. S.) 554; Hanson v. Red Rock Twp., 7 S. D. 38, 63 N. W. 156; Gillam v. Mann, 85 Neb. 765, 124 N. W. 143. The record shows that the action was begun in October, 1920, and was not tried until March, 1922, and respondent's answer disclosed the fact that he claimed the right to rescind the order and notes on the ground that it was represented to her that the money drawer in the new register was to have the same arrangement of compartments and keys as the old one had. If the new machine did in fact have such arrangement, appellant had ample time to procure proof of that fact.

[4]    As to the second contention: The evidence as to conversations leading up to the signing of the contract and notes was properly admitted. This court has frequently pointed out the distinction between evidence tending to vary the terms of a written contract, and evidence as to representations made as inducements to sign. "Evidence tending to prove fraud in obtaining a written instrument is always admissible." Rochford, v. Barrett, 22 S. D. 83, 115 N. W. 522.

In discussing this contention counsel frequently speaks of warranties made in conversations. It is not properly a question of warranty, but a description of the property with respect to a matter upon which the writing is silent. Counsel also speaks of it not being shown that the salesman had authority to bind the appellant. There is no question of that kind in this case. The sole question is whether the respondent is bound. Appellant cannot claim the benefits of the contract and repudiate the means by which it was obtained. If respondent were trying to recover damages for appellant's failure to furnish the property contracted for the authority of the salesman would be material.

There was no error in the admission of testimony as to representations. "On issue of fraud, great latitude is permitted in adducing evidence, and the scope and latitude is within the discretion of the trial court, and becomes error only when there has been abuse of that discretion." First Nat. Bank v. Harvey, 29 S. D. 284, 137 N. W. 365.

[5, 6] As to appellant's third contention: Section 816 of the Revised Code of 1919 provides that actual fraud is perpetrated by "the positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true." Under this statutory provision, appellant's contention, that there could be no fraud unless Adler knew the falsity of his representations, is clearly untenable.

There is undisputed evidence that Adler said that the register described in the order would have the same arrangement of the money drawer as that of the register respondent was then using, and that it would have five compartments for coins in the front row of the till. Whether he made this representation, knowing it to be false, or without informing himself as to the facts, is immaterial under our statute. Either state of facts would make his false representation actual fraud. This fraud gave respondent the right to rescind the contract. McCabe v. Desnoyers, 20 S. D. 581, 108 N. W. 341; Luncheon v. Wocknitz, 21 S. D. 285, 111 N. W. 632.

We find no prejudicial error in the record, and the judgment and order appealed from are hereby affirmed.

CAMPBELL, J., not sitting.