[Civ. No. 6934. Second Appellate District, Division One.—February 2, 1932.]

CHARLES H. DUELL et al., Appellants, v. AXEL SANSTROM et al., Defendants; B. H. DYAS CORPORATION et al., Respondents.

Francis J. Heney and L. R. Brigham for Appellants.

Call & Murphey and Walter E. Bennett for Respondents.

BISHOP, J., *pro tem.*—We are of the opinion that the amended complaint does not state a cause of action against respondents, and that the judgment entered, after respondents' demurrer was sustained without leave to amend, should be affirmed. Only the defendants B. H. Dyas and B. H. Dyas Corporation are respondents on this appeal, as the judgment appealed from did not affect the interests of the other defendants.

In their amended complaint appellants allege that they had a contract with defendant Sanstrom, wherein they agreed to organize a corporation to take over and expand his activities in operating a parking lot for automobiles at an important location in Hollywood. This corporation was to have both preferred and common stock, a portion of each to be issued to Sanstrom, and a portion retained in the treasury of the corporation for future needs. Nothing was said about the disposition of the balance, constituting something like a third of the preferred and a quarter of the common. Sanstrom, in turn, was to assign to the corporation four leases held by him, by virtue of which he was enjoying the right to conduct the parking business at the location in question, and also two contracts he had with respondent Dyas Corporation, by which he enjoyed a taxicab concession and remuneration for parking the cars of respondents' customers. Plaintiffs had, they further allege, fully complied with the terms of their agreement and had been ready and willing at all times to comply, but Sanstrom had refused and declined to comply and had completely repudiated the contract. In count II of their amended complaint, plaintiffs further assert that Sanstrom's breach was caused and induced by certain acts of the respondents, these acts being the payment of money to enable Sanstrom to liquidate his debts, the formation of a corporation to take over the leases and parking business, and the making of a deal with Sanstrom and the owners of the property leased to Sanstrom, whereby respondents acquired, for their corporation, the parking lot and its use. Respondents are also charged with having "induced certain of the lessors in said four leases aforesaid to withhold their consent to the assignment of their leases from Sanstrom to Duell and Selznick and to the corporation to be organized

by them." "By reason of the breach of said contract," the amended complaint continues, "the plaintiffs have been damaged in the sum of one thousand ($1,000.00) dollars laid out and expended by the plaintiffs . . . in the consummation of the contract of December 11, 1928, aforesaid, and in carrying out the terms thereof and in the further sum of $150,000.00 loss of profits which would have been received by the plaintiffs . . . had said agreement . . . been carried out."

Two special demurrers, in addition to a general demurrer, were interposed to the second cause of action. The first was based on the objection that it could not be ascertained therefrom how or in what manner the plaintiffs suffered any damage by reason of the alleged loss of profit. The second special demurrer complained that it could not be ascertained how, or in what manner, or for what purposes the plaintiffs laid out and expended the $1,000. The subject matter, attacked by these special demurrers, as appearing in the amended complaint, was an exact repetition of what had been alleged in the original complaint, to which like special demurrers were addressed and sustained. We have a right to assume, therefore, that the pleader has given all the facts which are available, and those most favorable, to his cause of action. (*Goldberg* v. *Rempp,* (1928) 95 Cal. App. 452 [273 Pac. 63]; *Higgins* v. *Security Trust & Sav. Bank,* (1928) 203 Cal. 398 [264 Pac. 744].) ▮ Neither in the pleading nor in the contract (the uncertainties in which are also to be construed against plaintiffs, because appearing to have been drawn by them, *Robert Marsh & Co.* v. *Tremper,* (1930) 210 Cal. 572 [292 Pac. 950]), is there any statement indicating what, if any, interest plaintiffs claimed they would have in the corporation and its financial fate. It does not appear, therefore, in what manner or to what extent they could have been injured by Sanstrom's breach of contract. The special demurrer, if not the general one, was properly sustained on this score.

▮ Plaintiffs' claim that they had suffered a loss of $1,000 because of moneys expended in the consummation of the contract, was a claim for special damages. (*Moore* v. *Fredericks,* (1914) 24 Cal. App. 536 [141 Pac. 1049].) Respondents were entitled to know with more particularity the facts upon which the claim was based. (*Judson Mfg.*

*Co.* v. *Lutge,* (1917) 174 Cal. 566 [163 Pac. 1017]; *Gomez* v. *Reed,* (1918) 178 Cal. 759 [174 Pac. 658]; *McCready* v. *Bullis,* (1922) 59 Cal. App. 286 [210 Pac. 638].) The demurrer was properly sustained because of this defect.

██ A more fundamental weakness in the amended complaint's attempt to state a cause of action against respondents is found in the fact, which therein appears, that the leases could not be assigned to the corporation. While it is nowhere directly stated that the assignment of the leases would be inoperative without the consent of the owner-lessors, this is undoubtedly the theory of the pleaders. We so conclude because, first, it is alleged that defendants Sanstrom and Aftergood had represented that the lessors had agreed to consent to the assignment of the leases, and that they (the plaintiffs) believed the representation, otherwise they would not have signed the contract. Secondly, we find a charge that respondents induced certain of the lessors to withhold their consent to the assignment of the leases. From all of which it would appear that, irrespective of what respondents induced Sanstrom to do or refrain from doing, plaintiffs could not have garnered the fruits of the contract because of the stand taken by certain lessors. Respondents might be liable under other circumstances for inducing Sanstrom to refrain from fulfilling his contractual obligations to plaintiffs. But, so far as appears, those "certain lessors" owed plaintiffs no duty, contractual or otherwise, to consent to an assignment of the leases, and respondents were under no duty to refrain from influencing the lessors with respect to their action. If they had no duty, then there has occurred no breach of obligation to give rise to a cause of action. We are of the opinion that a cause of action cannot be found in the allegation that the respondents induced the lessors to withhold their consent; and we conclude that, in showing that the necessary consent to a transfer of the leases was withheld, it establishes that Sanstrom's breach was without injury to appellants. They would have lost anyway. It follows that respondents have not damaged appellants even if they did induce Sanstrom's breach. The demurrer was properly sustained.

There is no showing that leave to amend was requested. For this reason, no point can be made of the fact that leave was withheld. (*Haddad* v. *McDowell,* 213 Cal. 690 [3

Pac. (2d) 550].) Furthermore, no attempt was made to remedy any of the defects on the opportunity given.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.