[Civ. No. 9922. First Appellate District, Division One.—November 30, 1936.]

W. N. SWASEY et al., Appellants, v. FRANCIS J. DE L'ETANCHE et al., Respondents.

Rittenhouse & Snyder, John L. McNab and S. C. Wright for Appellants.

Harry J. Bias and Wyckoff, Gardner & Parker for Respondents.

GRAY, J., *pro tem.*—The general and special demurrer to the fourth amended complaint was sustained without leave to amend and, accordingly, judgment was entered in favor of defendants for their costs. Plaintiffs appeal from the judgment, arguing that the complaint stated a cause of action and that therefore the court erred in sustaining the demurrer without granting leave to amend. █ Although the order did not state the grounds upon which the demurrer was sustained, the judgment must be affirmed if the demurrer was good upon any ground therein stated. (*Penziner* v. *West American Finance Co.*, 133 Cal. App. 578 [24 Pac. (2d) 501].) █ The record does not disclose that plaintiffs requested leave to amend, nor do they now claim that they made such request. Under such circumstances, if the special demurrer was well taken in any particular, the order sustaining it

without leave to amend would not constitute reversible error even if the complaint stated a cause of action. (*Haddad* v. *McDowell*, 213 Cal. 690 [3 Pac. (2d) 550]; *Consolidated R. & P. Co.* v. *Scarborough*, 216 Cal. 698 [16 Pac. (2d) 268]; *Fitzpatrick* v. *Fidelity & Casualty Co.*, 7 Cal. (2d) 230 [60 Pac. (2d) 276].)

The following summary of the complaint will suffice for an understanding of the nature of the action. The defendant Francis J. de L'Etanche acted for himself and as agent for his wife, also a defendant, in negotiating a' sale to plaintiffs of land, subsequently conveyed, and a three-story frame building. Before the sale he showed to plaintiffs the land and building, which contained twenty-six rooms and was used as a hotel, and with the intent to defraud them and induce them to so believe, falsely and fraudulently represented to them that the building was entirely situated upon such land. On August 15, 1928, defendants conveyed to plaintiffs by deed, which was subsequently recorded, the land which is described, together with all improvements thereon. The land was community property of defendants. Plaintiffs believed the representation to be true and solely in reliance thereon and without notice or knowledge of its falsity, which was known to defendants, purchased the land conveyed. They would not have purchased such land and improvements, nor expended on the building sums subsequently stated, if they had not believed and relied upon the representation. One-third of the building, consisting of described rooms, is not situated upon the land conveyed but is located upon land of an adjoining owner. In June, 1932, plaintiffs discovered the fraud under circumstances which it is unnecessary to repeat. They sustained general damages in the sum of $25,000, which is the difference between the value of the property conveyed and its value if the representation had been true, and also special damages in the sum of $7,125 for expenditures on the building.

█ Since defendant's knowledge of the falsity of his representation is a necessary element of actionable fraud (12 Cal. Jur. 724), it is essential that a complaint for fraud contain an allegation to that effect. (12 Cal. Jur. 810.) █ Defendants argue that the complaint fails to state a cause of action because it contains no direct averment that either defendant knew that the representation was false. They also

contend that the complaint is uncertain as to whether either defendant knew that the representation was false. In allegation IV it is charged that ''said defendant . . . *falsely* and *fraudulently* represented and declared to plaintiffs . . . that said three-story frame building was situated entirely upon land belonging to and owned by said defendants. . . . '' (Italics ours.) Since the italicized words imply defendants' knowledge of the falsity of the representation, the general demurrer is not well taken. ■ However, the special demurrer is good. (*Spreckels* v. *Gorrill*, 152 Cal. 383 [92 Pac. 1011]; *Cameron* v. *Evans Securities Corp.*, 119 Cal. App. 164 [6 Pac. (2d) 272].) Allegation VII avers that ''plaintiffs believed· said representations to be true, and solely in reliance thereon, and without any notice or knowledge that said representations were false and untrue, and *which were then and there known to be false and untrue by said defendant* . . . , the plaintiffs purchased . . . the said land. . . . '' (Italics ours.) As the italicized phrase is a mere recital, which cannot supply the lack of a positive allegation, it does not cure the defect pointed out by the special demurrer. (*Johnson* v. *Fletcher*, 97 Cal. App. 153 [274 Pac. 1001].)

■ The complaint alleges that at and before the sale the real property was the community property of the defendants. The latter demurred thereto for uncertainty, in that it could not be ascertained therefrom whether Monica de L'Etanche (the wife) was one of the owners of the land or how or in what manner or with what funds, or when, defendants acquired the land. Because amendments to the Civil Code have repeatedly changed the wife's rights in the community property (Cal. Jur., 10 Yr. Supp., vol. 3, p. 592 et seq.), the additional facts sought by the special demurrer would have more accurately defined the wife's interest in the property than is done by the questioned allegation. The absence of such facts does not, however, create any uncertainty. (*Brown* v. *Brown*, 125 Cal. App. 429 [13 Pac. (2d) 1004].) Had such facts been added, the allegation would have been a legal conclusion from them. Standing alone, the allegation avers an ultimate fact and not a conclusion of law. (*Vanasek* v. *Pokorny*, 73 Cal. App. 312 [238 Pac. 798].) The allegation is subject to neither general nor special demurrer. (*Brown* v. *Brown, supra.*) A demurrer for uncertainty will not lie as to immaterial matter. (*Kraner* v. *Halsey*, 82 Cal. 209 [22

Pac. 1137].) ■ To establish the materiality of the allegation, defendants fallaciously argue that the amount of damages that could be awarded against the wife would vary according to whether or not she was an owner of the land. Each defendant connected with the fraud is liable for the full amount of the damages. (*Conlin* v. *Studebaker Brothers*, 175 Cal. 395 [165 Pac. 1009].) "It is not essential to .liability that the person charged with fraud should have received any benefit therefrom, nor where misrepresentations concern property that he should have owned it." (27 C. J. 13; *Ackerman* v. *Schultz*, 178 Cal. 190 [172 Pac. 609]; *Evans* v. *Gibson*, 220 Cal. 476 [31 Pac. (2d) 389].) "Liability is predicated upon the fact that the plaintiff has been misled to his prejudice, and not that defendant has profited by his wrong." (*Von Schrader* v. *Milton*, 96 Cal. App. 192, 201 [273 Pac. 1074].)

■ Defendants further claim that the complaint is uncertain because of its omission of a description of the land which it alleges is owned by the adjoining owner and not by defendants and upon which one-third of the building is located. Defendants are presumed to know the area and boundaries of their land. (*Edwards* v. *Sergi*, 137 Cal. App. 369 [30 Pac. (2d) 541]; *Harder* v. *Allred*, 61 Cal. App. 394 [214 Pac. 1017].) Knowledge of such boundaries necessarily includes knowledge of the location of the building with reference to such boundaries. A demurrer for uncertainty does not lie where the facts are presumptively within the knowledge of the demurring party. (*Tristam* v. *Marques*, 117 Cal. App. 393 [3 Pac. (2d) 947].)

■ The complaint alleges that plaintiffs were specially damaged in the amount of the following expenditures, which they made in reliance upon the false representation and before their discovery of the fraud, to wit: (1) $3,000, the cost of additions to the one-third of the building located on the adjoining land; (2) $1500, the cost of plumbing installed in such portion of the building; (3) $2,000, the difference between the cost and present value of furniture installed in the building, and (4) $625, the cost of fire insurance upon the building. Defendants demurred for uncertainty in that the complaint did not state either the causal connection between the false representation and the various items of damage, or in which part of the building the various articles

of furniture were installed, or the proportionate cost of the fire insurance upon such one-third of the building. In approving the action of the trial court, sustaining a demurrer for uncertainty interposed to a defense of fraud, the appellate court, in *Woodson* v. *Winchester,* 16 Cal. App. 472, 476 [117 Pac. 565], said: " 'Fraud without damage furnishes no ground for action; nor is fraud without damage a defense.' (*Holton* v. *Noble,* 83 Cal. 7, 9 [23 Pac. 58].) It must be shown in the pleading that the damage claimed was sustained by reason of the fraud and should show the relation between the fraud and the damage alleged; that is, it must appear that the fraud and the damage sustain to each other the relation of cause and effect. (20 Cyc. 103, 107.) '' "A pleading is defective whenever evidence cannot be received in its support, and as there is no allegation in the counterclaim herein of facts under which any evidence of substantial damage would be admissible, the special demurrer of the plaintiff thereto for not setting forth in what manner, or by what facts, the defendant had been damaged in the amount claimed was properly sustained by the court. As was said in *Philip* v. *Durkee,* 108 Cal. 300 [41 Pac. 407] : 'Considered as an action for damages for a breach of the contract it does state a cause of action, but as such it is obnoxious to the objections raised by the special demurrer. It is uncertain as to what the damage consisted of, or as to the extent of the damage.' '' (*Harron R. & McC.* v. *W. L. & Co.,* 4 Cal. App. 488, 500 [88 Pac. 512].) Since the claim for the expenditures was one for special damages, defendants were entitled to know with particularity the facts upon which the claim was based and the absence of such facts could be raised by demurrer for uncertainty. (*Duell* v. *Sanstrom,* 120 Cal. App. 414 [7 Pac. (2d) 1087].)

The complaint alleges that the land was conveyed on August 15, 1928, and that in June, 1932, plaintiffs discovered the falsity of the representation that the entire building rested upon the land conveyed. The expenditures were made some time between these two dates but the exact time of each is not averred. Presumably, although it is not alleged, plaintiffs had possession of the entire building at the times of the respective expenditures. However, there is no allegation that they were ever ousted from possession of the one-third of the building by the owner of the land upon which it

rested. Until such ouster occurred it would not appear plaintiffs were damaged as to such expenditures. The depreciation in value of improvements placed upon the portion of the building resting on the land not conveyed is a proper element of damages. (*Hines* v. *Brode,* 168 Cal. 507 [143 Pac. 729] ; *Berettoni* v. *Sargentini,* 78 Cal. App. 472 [248 Pac. 760].) However, plaintiffs erroneously claim damages to the extent of the cost of the additions and plumbing, without any deduction for wear and tear during the period they used the same. They further seek recovery of the depreciation in value of the furniture installed in the entire building, and have not limited such claim to the furniture installed in one-third of such building. No fact is alleged to show that such depreciation was due to the location and removal of the furniture from such one-third of the building or that it was not due to its age and use. Defendants are not liable for the depreciation of the furniture located on the two-thirds of the building which was conveyed. Recovery is sought of the cost of fire insurance on the entire building. Obviously defendants are not chargeable for the earned portion of the premium on the entire building, or the unearned portion on the two-thirds of the building resting on the land conveyed. The demurrer for uncertainty in the allegations of special damages was properly sustained.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 28, 1937. Seawell, J., and Curtis, J., voted for a hearing.