[Civ. No. 6583.   Third Dist.   July 17, 1941.]

ARTHUR T. HESSE, Appellant, v. RAILWAY FEDERAL SAVINGS AND LOAN ASSOCIATION (a Corporation) et al., Respondents.

Daniel A. Knapp and A. G. Reily for Appellant.

J. Howard Edgerton and Bundy Colwell for Respondents.

SCHOTTKY, J., *pro tem.*—This is an appeal from a judgment of dismissal following an order by the trial court sustaining respondents' demurrer to appellant's fifth amended complaint without leave to amend.

The complaint alleged that on September 18, 1936, the Better Housing Association, a corporation, borrowed $3100 from respondent Railway Federal Savings and Loan Association, predecessor in interest of respondent California Federal Savings and Loan Association, upon a promissory note secured by a deed of trust upon certain real property, a copy of which said deed of trust being attached to the complaint as Exhibit "A"; that on September 18, 1936, the said Better Housing Association borrowed $500 from W. A. Morey upon a promissory note secured by a second deed of trust upon the same real property; that "since a date prior to August 30, 1937," appellant has been the owner of said note and deed of trust as the assignee of said W. A. Morey; that at the time appellant purchased said note and second deed of trust he did so relying on the terms and conditions of said first deed of trust, and that said real property was at all times of a value in excess of said $3100 and said $500. The complaint further alleges that on May 3, 1937, respondent California Federal Savings and Loan Association gave notice of default claiming there was "default in the payment of advances made under the terms of said deed of trust in the principal amount of $731.41, together with interest thereon as of April 1, 1937, in the sum of $22.99, totaling $754.40"; that said claim was "arbitrarily and wantonly made in that said alleged 'advances' were not allowed nor justified under said deed of trust nor permitted under its terms"; that on August 4, 1937, the trustee under said first deed of trust published and posted a notice of sale of said real property, and that on August 30, 1937, said trustee offered said real property for sale and "did require and demand as a purchase price of said property the entire principal sum of $3100.00," together with $124 interest, and $754.40, with costs and charges. The property was thereupon sold to respondent Railway Federal Savings and Loan Association for $4187.50. It is further alleged in the complaint that "save for the said wanton, arbitrary, fraudulent and unjust demands of said trustee, plaintiff would have paid the just demands of said beneficiary in entirety in subrogation to the rights of said beneficiary in said $3100.00 trust deed in accordance with section 2904 of the Civil Code, and thereby saved to himself his security"; that by reason of said sale he has been deprived of his security in said property; that he is unable to collect upon said note by

reason of the insolvency of the maker, and that unless said sale is set aside and the security made available, he will suffer irreparable damage in said sum of $500 and accrued interest; that he has no plain, speedy or adequate remedy at law; that he is now, and at all times has been ready, willing and able to do all things required of him in law or equity.

The demurrer of respondents was both general and special. We will consider the special grounds of demurrer first, because if any of the grounds of special demurrer are well taken, it will not be necessary to decide the principal question discussed in the briefs.

The fourth ground of demurrer is "that the complaint, and particularly Paragraph IX thereof, is uncertain in that it cannot be ascertained therefrom, nor from any part thereof, how, or in what manner the demands of the trustee were wanton, arbitrary, fraudulent or unjust." In paragraph VII of the complaint it is alleged there was "default in the payment of advances made under the terms of said deed of trust in the principal amount of $731.00, etc." but that charges were arbitrarily and wantonly made, in that said alleged "advances" were not allowed or justified under said deed of trust, nor permitted under its terms. The complaint then alleges that the trustee proceeded with the sale and "did require and demand as a purchase price of said property all of the principal, interest, alleged advances, and trustee's expenses and charges," and sold the property to respondent for the total sum of $4187.50; and that save for the wanton, arbitrary, fraudulent and unjust demands of said trustee, plaintiff would have paid the amount justly due.

The basis of the attack upon the inclusion of advances of $731.41 in the notice of default and in the notice of sale, is that they were not allowed nor justified under the deed of trust. Nowhere in the complaint is there any statement or allegation as to what the alleged advances were for. Where it is alleged that the inclusion of advances under a deed of trust are wantonly or arbitrarily made, and that they are fraudulent and unjust, it should appear from the complaint just what such advances were for, so that it can be determined as a matter of pleading at least whether they are authorized. Appellant seems to assume that no advances for any purpose are justified under the deed of trust, but a reading of that instrument does not support this assumption. It

is true that the deed of trust, after stating that conveyance is granted for the purpose of securing the payment of the promissory note, also contains the clause that it is made ''for the payment of such additional sums, not to exceed $ *nil*, as may be hereafter borrowed from the beneficiary by the maker of said note.'' But it is also true that the deed of trust provides in paragraph ''A'' thereof that the trustor agrees to do certain things to protect the security, such as maintaining, repairing, etc., keeping it insured, and defending any action affecting the title, including the payment of taxes and assessments and the discharging of prior liens. The beneficiary is authorized to do any of said things at the expense of the trustor, should the trustor fail to do so.

If the advances in question were for any of the purposes enumerated, they could not be considered as wanton, arbitrary, fraudulent or unjust. While the mere statement that such advances were not allowed nor justified under the deed of trust might be a sufficient allegation as against a general demurrer, we feel that in view of the provisions of the deed of trust, it must be held, in the absence of allegations showing just what the advances were for, the complaint is uncertain in that it cannot be ascertained therefrom how or in what manner the demands of the trustee were wanton or arbitrary or fraudulent or unjust. The trial court therefore properly sustained respondents' demurrer to the complaint.

There is no showing that appellant made application for leave to amend, or expressed a desire to do so. The appellant makes no point on appeal as to the court's denial of leave to amend. It should be borne in mind that the sale in question was on August 30, 1937, and that appellant's fifth amended complaint was filed on January 24, 1938. The appellant had ample time in which to inform himself as to the facts. We should also bear in mind the familiar rule of construction that the pleader has stated his case as favorably as possible, and that all ambiguities therein must be resolved against the pleader. (*Higgins* v. *Security Trust etc. Bank,* 203 Cal. 398, 401 [264 Pac. 744].) While courts are inclined to hear a case upon its merits, yet there must be an end of litigation. After filing five amended complaints, without stating a good cause of action, it can hardly be said that

the trial court abused its discretion in refusing to permit the filing of another amended pleading.

Our conclusion as to the fourth ground of demurrer makes it unnecessary to discuss the other points urged in the briefs.

The judgment is affirmed.

Pullen, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 11, 1941.