[Civ. No. 21854. Second Dist., Div. One. Dec. 14, 1956.]

CAROL ANN DUMM et al., Appellants, v. PACIFIC VALVES (a Corporation) et al., Respondents.

James C. Webb for Appellants.

Albert D. White and Walter Desmond, Jr., for Respondents.

WHITE, P. J.—Plaintiffs appeal from a judgment and attempt to appeal from an ''order hereinbefore made on or about the 10th day of October, 1955, sustaining the defendants' demurrer to plaintiffs' Third Amended Complaint herein.'' An order sustaining a demurrer is not appealable. (Code Civ. Proc, § 963; *Jeffers* v. *Screen Extras Guild, Inc.*, 107 Cal.App.2d 253, 254 [237 P.2d 51].) It is deemed excepted to (Code Civ. Proc., § 647) and will be reviewed upon appeal from the judgment. The minute order of October 10, 1955, is that the demurrer of all of the named defendants to the Third Amended Complaint ''is sustained, with ten days allowed plaintiff in which to amend.''

The demurrer specifies the following grounds: (1) ''said Third Amended Complaint does not state facts sufficient to constitute a cause of action for declaratory relief against these defendants, or any of them''; (2) ''the court is without jurisdiction of the subject of this action, in that it appears on the face of the Third Amended Complaint that plaintiffs have failed to comply with the requirements of Section 834 of the Corporations Code . . .''; (3) ''the plaintiffs, as mere beneficiaries of a trust consisting of a minority of corporate shares, are without capacity or right to commence or maintain the said action against the directors of the corporation''; (4) said complaint is uncertain for eight reasons, to wit: (a) it cannot be ascertained therefrom how defendants Charlotte M. Dumm, Helen I. Dumm, Elizabeth M. Dumm and Grace Dumm are concerned; (b) it cannot be ascertained how the defendants took, appropriated, and distributed the money among themselves and converted it to their own use;

(c) that there are no sufficient and specific allegations of fact constituting the elements of fraud; (d) that the identity of the testamentary trustees had been deleted; (e) that the terms of the trusts or the duties of the trustees cannot be ascertained from the complaint; (f) that it cannot be ascertained how or in what manner the 180 shares "belong to" the minors; (g) that the complaint does not show "upon what supporting facts" it is alleged there is an "existing controversy"; and (h) that the complaint fails to allege the lack of a plain, speedy and adequate remedy at law; (5) "several causes of action have been improperly united or not separately stated, to-wit, an alleged matter of probate and a testamentary trust, purely and exclusively under the jurisdiction of the Probate Court, to wit, the testamentary trust referred to in paragraph IX of the plaintiffs' Third Amended Complaint, to wit, In the Matter of the Estate of John F. Dumm, also known as Jack F. Dumm, deceased, No. LBP-22262, united with a derivative suit by alleged minority shareholders of a corporation, and against its directors thereof"; (6) the complaint is ambiguous for the same reasons it is uncertain; and (7) it is unintelligible for the same reasons it is ambiguous and uncertain.

The order sustaining the demurrer gives 10 days to amend the third amended complaint. Plaintiffs failed to amend. Defendants served upon them notice of the ruling on the demurrer, and about 40 days later moved for dismissal pursuant to section 581, subdivision 3 of the Code of Civil Procedure. The motion was granted and judgment was entered that plaintiffs take nothing, the action be dismissed, and defendants have their costs.

■ Appellants contend that the court was without jurisdiction to grant the judgment in the instant action "without notice to appellants, and said judgment is void upon its face." No cases are cited by them in support of that contention. By plaintffs' failure to amend, in effect they refused to amend, perhaps because they prefer to stand upon the complaint as it is, or perhaps because they have pleaded every fact they are prepared to prove in support of their action. Their failure to amend leaves nothing to be done by the court except the making and entry of the judgment. The requirement that the judgment be made "when . . . the defendant moved for dismissal" (Code Civ. Proc., § 581, subd. 3) relieves the court of the duty to dismiss the action upon its

own motion, but does not require that notice of the motion be given to plaintiffs.

In the instant action the order sustaining the demurrer to the third amended complaint does not specify the ground or grounds upon which the ruling is based. Therefore, if the complaint is insufficient on any ground properly specified in the demurrer, the judgment entered after the order sustaining the demurrer will not be reversed on appeal. (*Moxley* v. *Title Ins. & Trust Co.*, 27 Cal.2d 457, 462 [165 P.2d 15, 163 A.L.R. 838]; *Stowe* v. *Fritzie Hotels, Inc.*, 44 Cal.2d 416, 425 [282 P.2d 890].)

Plaintiffs' "Third Amended Complaint in equity for Declatory Relief" alleges that plaintiffs are minors, acting by their duly appointed, qualified and acting guardian; that defendant Pacific Valves is a California corporation with its principal office in Signal Hill, Los Angeles County; that defendants Howard C. Dumm and Irving M. Dumm are the president and secretary-treasurer and they and defendants Robert J. Dumm and Irving M. Dumm III are the directors of said corporation; that said corporation has issued only 25,000 shares of no par value capital stock, all of the same class; and that 22,855 shares thereof are owned and controlled by the defendants, 22,050 shares by defendants Irving M. Dumm, Howard C. Dumm and Robert Dumm.

"VIII. That continuously since on or about the 1st day of December, 1951, 180 certain shares of stock of said corporation belonging to these minor plaintiffs, have been, and still are, held in the possession of the defendants, HOWARD C. DUMM, IRVING M. DUMM and ROBERT J. DUMM.

"IX. That on the 26th day of March, 1951, JOHN F. DUMM, SR. who was the father of these plaintiffs, died, having made his will wherein he devised and bequeathed in trust 1250 shares of stock of said corporation, to be held for these minor plaintiffs during their minority, and to be delivered over to said minor plaintiffs upon the attainment of their majority; that said testamentary trust was thereafter duly approved by the above entitled Court in the Matter of Estate of JOHN F. DUMM, SR., deceased, No. LB P-22262; that by reason thereof these plaintiffs, and each of them, were at all of said times, and still are, beneficiaries of said testamentary trust.

"X. That continuously from, on or about the 26th day of March, 1951, to and including the present time, the defendants, and each of them, excepting the defendant, IRVING M. DUMM III did, from and out of the profits and earnings

of said corporation, take, appropriate and distribute among themselves, and convert to their own use and conceal from these plaintiffs large sums of money, the exact amount of which is unknown to plaintiff, but that plaintiff is informed and believes, and upon those grounds alleges said sum to be in excess of the sum of $250,000.00.

"XI. That a controversy exists between these minor parties plaintiff and parties defendant, and each of them, in that:

"(a) Plaintiffs contend that the monies received and held by said defendants, and each of them, as alleged hereinbefore in Paragraph X, are dividends payed by said defendant corporation, and that these minor plaintiffs are entitled to have and receive a portion therefrom.

"(b) Plaintiffs contend that as beneficiaries under said testamentary trust that they are entitled to receive the income accruing to, or produced by the shares of stock of said corporation in which they hold beneficiaries interest under said testamentary trust.

"(c) That these minor plaintiffs are entitled to the possession, through their guardian, of the said 180 shares of stock in said corporation, and also to receive the income of said 180 shares of stock.

"That the defendants contend:

"(a) That the monies received and held by themselves, as alleged heretofore in Paragraph X, belong to themselves absolutely.

"(b) That the plaintiffs herein are not entitled to any of the income produced by the shares of stock referred to herein.

"(c) That neither the plaintiffs nor their guardian are entitled to the possession of the aforesaid 180 shares of stock of said corporation, but that the defendants, HOWARD C. DUMM, IRVING M. DUMM and RORERT J. DUMM are entitled to hold said 180 shares, in trust, for said minor plaintiffs until they each shall attain their majority.

"(d) That plaintiffs are not entitled to have or receive any dividends or income from the said corporation."

Since appellants submit that a cause of action has been stated, and that it is not within the purview of section 834 of the Corporations Code, we will not here discuss the decisions cited by respondents regarding appellants' failure to comply with the conditions required for maintenance of a derivative action by corporate stockholders.

While appellants' brief is not clear, it seems to be their contention that the action stated is one for the declaration

of the rights of the individual minor appellants with respect to certain personal properties—shares of stock in the respondent corporation.

█ Even though the corporation may have an action against the individual defendants growing out of their alleged appropriation of its profits, that does not affect the right of these appellants, as individuals, to maintain the instant action. (*Sutter* v. *General Petroleum Corp.*, 28 Cal.2d 525, 530 [170 P.2d 898, 167 A.L.R. 271].) Therefore, the demurrer should not have been sustained on the second or third grounds therein specified.

"Any person . . . who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action. . . . He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or negative in form and effect. . . ." (Code Civ. Proc., § 1060.)

The complaint contains allegations that 180 shares "belonging to" the appellants have been since about December 1, 1951, and now are "held in the possession of" respondents Howard C. Dumm, Irving M. Dumm and Robert J. Dumm, who contend that they are entitled to hold said 180 shares in trust for appellants until they shall attain their majority; that appellants contend that they are entitled to possession thereof through their guardain "and also to receive the income of said 180 shares of stock."

By the complaint it is also alleged that appellants are beneficiaries of a testamentary trust created by their deceased father, in which 1,250 shares are "held for these minor plaintiffs during their minority"; that appellants contend that "as beneficiaries under said testamentary trust they are entitled to receive the income accruing to, or produced by, the shares of stock of said corporation in which they hold beneficiaries interest under said testamentary trust"; that respondents contend that appellants "are not entitled to any of the income produced by the shares of stock referred to herein."

It is further alleged that the defendants (excepting Irving M. Dumm III) appropriated and distributed among themselves "dividends payed by said defendant corporation" from

its profits and earnings, and appellants contend that they are entitled to receive a portion thereof.

Since the complaint alleges the existence of the property which is the subject of the action, to wit 180 and 1,250 shares of stock in the defendant corporation, that the other defendants are officers, directors and stockholders of said corporation, and the existence of an actual controversy concerning the rights of the respective parties to possess the stock and to receive the dividends thereon, the general demurrer should not have been sustained. (Code Civ. Proc., §§ 1060, 1061; *La Hue* v. *Dougherty,* 34 Cal.2d 1, 5 [206 P.2d 640]; *Maguire* v. *Hibernia S. & L. Soc.,* 23 Cal.2d 719, 728 [146 P.2d 673, 151 A.L.R. 1062]; *Columbia Pictures Corp.* v. *DeToth,* 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747].)

As against special demurrers, the facts must be alleged with sufficient clarity to inform defendants of the issues to be met. (*Roberts* v. *Wachter,* 104 Cal.App.2d 281, 290 [231 P.2d 540]; *Merlino* v. *West Coast Macaroni Mfg. Co.,* 90 Cal.App.2d 106, 108 [202 P.2d 748].) Many of the uncertainties specified by the demurrer in the instant action are with regard to matters not alleged, which, if essential to the cause of action, are grounds for general demurrer, not special. Demurrer for uncertainty is directed at the allegations actually made. (*Butler* v. *Sequeira,* 100 Cal.App.2d 143, 145 [223 P.2d 48].) Demurrer for uncertainty does not lie as to immaterial matter. (*Swasey* v. *de L'Etanche,* 17 Cal.App.2d 713, 717 [62 P.2d 753].) Nor will a demurrer for uncertainty lie where the facts are presumptively within the knowledge of the demurring parties. (*Swasey* v. *de L'Etanche, supra,* 718; *Turner* v. *Milstein,* 103 Cal. App.2d 651, 658 [230 P.2d 25].)

With regard to respondents' fifth ground of demurrer, while there is much unessential matter in the complaint, no causes of action other than one for declaratory relief have been stated. The surplusage cannot be dealt with by demurrer for misjoinder.

The sixth and seventh grounds of demurrer, that the complaint is ambiguous and unintelligible, will not lie for the same reasons hereinbefore given as to the demurrer for uncertainty.

The attempted appeal from the order sustaining the demurrer is dismissed. The judgment is reversed and the cause

remanded, with directions to the court below to overrule the demurrer and grant a reasonable time within which defendants may answer if so advised.

Doran, J., and Fourt, J., concurred.

A petition for a rehearing was denied January 2, 1957, and respondents' petition for a hearing by the Supreme Court was denied February 6, 1957.