BAKER et al., Appellants v. JEWELL et al., Respondents

(96 N.W.2d 299)

(File No. 9698. Opinion filed April 29, 1959)

574

576

**Bangs, McCullen & Butler** and **Burnell Hendricksen,** Rapid City, for Plaintiffs and Appellants.

**William Rensch,** Rapid City, for defendants and Respondents.

RENTTO, J. On or about December 4, 1956, the plaintiff Trailer Mart sold a house trailer to Mr. and Mrs. Jewell, the defendants above named, under a conditional sale contract. They made the down payment and three required monthly payments, after which they notified the Trailer Mart in writing that they had rescinded the contract because of breach of warranties. The Trailer Mart then instituted this action to recover possession of the property involved.

By their responsive pleading the Jewells claimed that the trailer house was not as represented and warranted and asked that they be given judgment in the sum of the payments made. The jury found for the Jewells and allowed the sum requested. The judgment entered awarded them this amount and cancelled the conditional sale contract and the promissory note given in connection therewith. It also gave the Trailer Mart possession of the property in question. Motions for judgment notwithstanding the verdict and a new trial were denied. The Trailer Mart appeals from the judgment.

The contract involved contains this stipulation: "No warranties, express or implied, representations, promises or statements have been made by the seller unless endorsed hereon in writing." During the trial the Jewells introduced testimony to the effect that the trailer they received did not correspond in workmanship, design or furnishings with the oral representations made to them by the Trailer Mart when they were negotiating their purchase. This evidence was objected to on the ground that it was an attempt to vary the terms of a written contract contrary to the parol evidence rule and for the further reason that it was excluded by the quoted provision of the contract. The admission of this evidence is the dispositive question presented by this appeal.

The parol evidence rule in this state is based on statute. SDC 10.0604. It was stated thus in Farmers' Elevator Company of Colton v. Swier, 50 S.D. 436, 210 N.W. 671, 673:

"* * * where a contract which has been reduced to writing and executed by the parties is complete, clear, and unambiguous in its terms and contains mutual contractual covenants, or where the consideration consists of a specific and direct promise to do or not to do certain things, this part of the contract, in the absence of fraud, mistake, or accident, cannot be changed or modified by parol or extrinsic evidence, nor can new terms be added to the contract, nor to the contractual consideration therein expressed, nor, where all these facts exist, may a party to a contract show that he was induced to sign the contract by the making of a prior or contemporaneous oral agreement, where such showing would be tantamount to adding to or subtracting from the contractual consideration expressed in the written contract."

This statement of the rule was quoted with approval in Kindley v. Williams, 76 S.D. 225, 76 N.W.2d 227, 57 A.L.R.2d 1070.

 In consonance with this principle parol evidence of a warranty or representation made prior to or contemporaneously with the writing will not be admitted to add to or vary such writing. However, the parol evidence rule may not be invoked when it is sought to establish fraud as a ground for rescinding the contract. While the integration clause may be of evidential value on the question of what statements were made, it does not render inadmissible parol evidence offered for the purpose of proving fraud. National Cash Register Co. v. Mahaney, 49 S.D. 1, 205 N.W. 710; Annotation 56 A.L.R. 56. In that situation the testimony is not offered as adding to or varying the written contract but to avoid the contract in toto on the ground of fraud.

 The Trailer Mart contends that the Jewells pleaded only a cause of action for breach of warranty under SDC 54.0169, and that under the rule above stated, testimony is not admissible to vary or add to the warranties contained in the written contract. While the notice of rescission which was served supports this view, the nature of the cause of action must be determined from the allegations of the plead-

ing involved. Concerning this feature of the lawsuit the Jewells alleged:

"1A. That prior to the time of the making of the said Conditional Sales Contract mentioned in the Complaint, the plaintiffs exhibited to defendants a sample of the said house trailer so to be sold, and represented said sample to be free from any defects in construction, materials and appliances, and further represented, warranted, and agreed the said trailer house so to be sold would and should be in all respects the same in description, quality, design, and content as the sample.

"2A. That said representations and warranties were wholly untrue and fraudulently made by the plaintiff to defendants and were so made to induce defendants to execute the said Conditional Sales Contract; that in reliance upon said warranties and representations the defendants did execute the same.

"3A. That when the said trailer house was offered by plaintiffs to defendants in pretended compliance with said contract, the defendants found, as the fact was, that the same was not the same in description, quality, design and content as the sample was and as the sample was represented to have been in that said house trailer was poor in workmanship and materials, appliances were defective, rooms were arranged and constructed differently than said sample, fixtures were different and of cheaper quality."

For the purpose of determining the effect of a pleading its allegations must be liberally construed with a view of substantial justice between the parties. SDC 33.0915. An examination of the quoted allegations compels us to the conclusion that the Jewells pleaded a cause of action for rescission of the contract on the ground of fraud. While good pleading requires that when several causes of action are set out in one complaint they be separately stated, this

is a defect of form which is waived if no motion seeking such separation is seasonably made. SDC 33.1002.

 Concerning the cause of action for fraud the Trailer Mart contends that the plea of fraud is not sufficient because the pleading "does not state that the representations were made with knowledge of their falsity, nor does it state that such representations were made without sufficient information to warrant their being made." This contention appears to be made for the first time on this appeal. It is a valid objection if timely made to the trial court but the rule is otherwise when the contention is first made on appeal. Swasey v. L'Etanche, 17 Cal.App.2d 713, 62 P.2d 753; Cooper v. Weatherholt, 28 Cal.App.2d 321, 82 P.2d 524. Under somewhat similar circumstances a like contention was rejected in Cameron v. Evans Securities Corp., 119 Cal.App. 164, 6 P.2d 272. The allegation that they were wholly untrue and fraudulently made implies "that the person who made them either knew that they were false or made them in a manner not warranted by the information which he possessed."

 It is also contended that the claimed oral representations are promissory in nature and as such not sufficient upon which to predicate fraud unless the statements were made with the present intention of not performing them. There is evidence in the record from which the jury could find that the representations made were positive assertions rather than mere promises. As such, they constitute actual fraud under SDC 10.0307, which defines as fraud, "The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believe it to be true." In writing of this provision in National Cash Register Co. v. Mahaney, supra [49 S.D. 1, 205 N.W. 712], this court said, "Whether he made this representation, knowing it to be false, or without informing himself as to the facts, is immaterial under our statute. Either state of facts would make his false representation actual fraud."

 The trial court by its instructions, which were not excepted to, submitted the claim of Jewells to the jury on

two theories. One was on the basis of rescission for a breach of warranty under SDC 54.0169 and the other as rescission for fraud as authorized by SDC 37.0701 and SDC 10.0802. Even though the Trailer Mart did not except to the court's instructions, by its motion for a directed verdict it preserved its right to question on this appeal the sufficiency of the evidence to support a cause of action for breach of warranty.

Whether or not a contract in writing may be varied by parol evidence is a question of substantive law and not a rule of evidence. Janssen v. Tusha, 66 S.D. 604, 287 N.W. 501. Accordingly, the trial court in ruling on the motion for a directed verdict, and this court in reviewing the same, are governed by true principles of law, rather than the law of the case subsequently declared in the instructions to the jury. Federal Land Bank of Omaha v. Houck, 68 S.D. 449, 4 N.W.2d 213. Clearly the questioned testimony was not admissible to establish a breach of warranties but it was admissible on the cause of action based on fraud. Accordingly the court did not err in overruling the objection. When evidence is admissible on one cause of action, but not as to another, it is up to the opponent of the evidence to ask for an instruction limiting it to the purpose for which it is admissible. Wigmore on Evidence, 3d Ed., § 13.

It is further suggested that parol evidence is admissible when it is confined to fraud in the execution but not when the fraud is in the inducement. We do not agree. Annotation 56 A.L.R. 41. See also Breneman v. Aune, 73 S. D. 478, 44 N.W.2d 219. The distinction contended for was recognized in the Commonwealth of Massachusetts when the contract contained an integration clause. In Williston on Contracts, Rev.Ed. § 811A, it is written, "This distinction is not to be supported." We share that view. In Bates v. Southgate, 308 Mass. 170, 31 N.E.2d 551, 133 A.L.R. 1349, the Massachusetts court in an opinion that is well reasoned and supported by eminent authorities concluded that the distinction which they had recognized could not be maintained.

The verdict in this case cannot be sustained on the breach of warranty theory but it is sustained on the fraud theory. From the verdict, which is general in nature,

we are unable to determine on which theory the jury allowed recovery. That being the situation it will be presumed to be based on the theory on which it can be sustained. Allen v. McLain, 75 S.D. 520, 69 N.W.2d 390. See also Mundon v. Greenameyer, 44 S.D. 440, 184 N.W. 257. We have also considered the complaint made as to the form of verdict and judgment. SDC 33.1332 and SDC 33.1709. In view of the relief requested in the pleadings and the fact that possession of the property was delivered to the plaintiff before trial, they are without merit.

Affirmed.

HANSON, P.J., and ROBERTS and SMITH, JJ., concur.